Edgar Albert SIMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–96–01651–CR.

Court of Appeals of Texas,
Dallas.

Oct. 1, 1999.

Rehearing Overruled March 6, 2000.

Terri Hamby, Richardson, for appellant.

Kerry P. Fitzgerald, Asst. Dist. Atty., Dallas, for State.

Before Chief Justice THOMAS and Justices FARRIS [1] and MILLER.[2]

## OPINION

LINDA THOMAS, Chief Justice.

Edgar Albert Sims appeals his jury conviction for indecency with a child younger than seventeen years of age. In one point of error, appellant contends the trial court erred when it designated Family Services

---

1. The Honorable David F. Farris, Former Justice, Second District Court of Appeals, sitting by assignment.

2. The Honorable Chuck Miller, Former Judge, Texas Court of Criminal Appeals, sitting by assignment.

counselor Cynthia Burkett as the outcry witness. We affirm.

Article 38.072 of the Texas Code of Criminal Procedure allows admission of certain hearsay testimony in the prosecution of offenses committed against children twelve years of age or younger. *See* TEX.CODE CRIM. PROC. ANN. art. 38.072 (Vernon Pamph.1999) (the "outcry" statute). The outcry statute applies only to statements made (1) by the child against whom the offense was allegedly committed, and (2) to the first person, eighteen years of age or older, to whom the child made a statement about the offense. *Id.* To be a proper outcry statement, the child's statement to the witness must describe the alleged offense in some discernible manner and must be more than a general allusion to sexual abuse. *See Garcia v. State,* 792 S.W.2d 88, 91 (Tex.Crim. App.1990); *Hayden v. State,* 928 S.W.2d 229, 231 (Tex.App.-Houston [14th Dist.] 1996, pet. ref'd); *Villalon v. State,* 805 S.W.2d 588, 592 (Tex.App.-Corpus Christi 1991, no pet.). The trial court has broad discretion in determining the proper outcry witness, and its determination will not be disturbed absent an abuse of discretion. *See Schuster v. State,* 852 S.W.2d 766, 768 (Tex.App.-Fort Worth 1993, pet. ref'd) (citing *Garcia,* 792 S.W.2d at 92).

Appellant contends complainant's mother was the outcry witness because she was the first person over eighteen years of age to whom the child made her initial statement about the offense. The record indicates that the complainant, who was six years old at the time, told her mother, Tammy Denson, that she did not want to go over to appellant's house anymore because appellant "had touched her private parts." The complainant and her mother were at a movie theater at the time the statement was made. The record fails to show the extent of the child's conversation with her mother or that the child described any specific details of the alleged abuse. Instead, the mother testified she did not question the complainant about the allegation and admitted that she did not believe the allegation and did not know how to handle the situation. Several days later, Denson relayed the child's statement to Burkett. After Burkett visited with the child, Burkett notified the police and advised the mother to do so as well. The mother first heard the particulars from the child after a police interview. Burkett confirmed the mother's testimony that the complainant had not given "much detail" about the offense to her mother. On the other hand, the child gave Burkett specific details about the offense, including that appellant, a family friend, had touched her private parts inside her panties with his hand many times, that appellant had slept with her when she would spend the night, that appellant usually wore shorts to bed but on at least one occasion slept in the nude, that appellant put her leg over his leg from time to time and that this usually occurred in the bedroom with the lights out, and that appellant told the complainant on one occasion that he was "checking for bumps" when he touched her "private parts." Based on this evidence, the trial court determined Burkett was the proper outcry witness.

The trial court could have reasonably determined that the complainant's statement to her mother was nothing more than a general allusion that something in the area of sexual abuse was occurring and not a clear description of the offense charged as required by article 38.072. On the other hand, the child's statements to Burkett regarding how, when, and where appellant touched her clearly satisfied the statutory requirements. Accordingly, we conclude the trial court did not abuse its discretion in designating Burkett as the outcry witness. *See Garcia,* 792 S.W.2d at 91–92; *Reed v. State,* 974 S.W.2d 838, 841–42 (Tex.App.-San Antonio 1998, pet. ref'd). We overrule appellant's sole point of er-

ror.[3]

We affirm the trial court's judgment.

---

3. We note that appellant's constitutional claims are inadequately briefed and are, therefore, not addressed in this opinion. *See*

Tex.R.App. P. 38.1(h); *Smith v. State,* 907 S.W.2d 522, 532 (Tex.Crim.App.1995) (applying former rule of appellate procedure 74(f)).