In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-084 CR


____________________



PERKIN LEE THIBODEAUX, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 78485






O P I N I O N


 A jury convicted Perkin Lee Thibodeaux of aggravated sexual assault of a child and
sentenced him to forty-five years' confinement in the Texas Department of Criminal
Justice, Institutional Division. Thibodeaux appeals claiming the trial court abused its
discretion in holding that the outcry statement made by the victim, O.B., to Sandra
O'Brien was admissible pursuant to Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon
Supp. 2001).

 Thibodeaux argues O.B. made a statement to her mother before she spoke to
O'Brien. Therefore, he contends the statement to O'Brien should not be considered the
outcry statement. The record reflects O.B.'s mother did not testify. O'Brien testified she
was not the first person to whom O.B. made an allegation of sexual abuse. O'Brien was
"not sure" whether she was the first person O.B. "told in great detail about what had
happened." According to O'Brien, "[O.B.] had told her mother prior to telling me." It
was O'Brien's recollection that when O.B.'s mother asked O.B. if Perkin messed with her,
O.B. said "yes." O'Brien then agreed she was the first person O.B. told in detail about
the facts of that allegation or offense.

 On cross-examination, O'Brien answered "yes" when asked if at the time she
questioned O.B. she "knew that she had already told her mother about the sexual assault."
O'Brien was then asked, "So you weren't really the first person she had told about any
details of the sexual assault, were you?" She replied, "That's correct." 

 On redirect, O'Brien testified, "I don't know exactly what she told her mother but
I know that she told her mother something before she told me." The State then asked, "If
her testimony was that all she did was answer her mother, yes, he touched me or just, yes,
to the question, did he touch you, would that sound about right?" O'Brien said, "I think
she might have gone into more detail." The State queried, "But you don't know, do you?"
O'Brien replied, "I don't know." The trial court then found O'Brien to be the first person
to whom the child made a detailed outcry and allowed the testimony. 

 In Broderick v. State, 35 S.W.3d 67, 73 (Tex. App.--Texarkana 2000, pet. ref'd),
the court noted "an outcry witness is not person-specific, but event-specific" and
recognized that more than one outcry witness may testify, provided the outcry is about
different events and not simply a repetition of the same event as told to different persons. 
The court determined that "[t]he proper outcry witness to a single event is the first adult
person other than the defendant to whom the victim made a statement describing the
incident." Id. at 73-74. The court concluded that both the mother and the officer to whom
the child made statements were proper outcry witnesses, but to different acts. Id. at 74.

 In Sims v. State, 12 S.W.3d 499, 500 (Tex. App.--Dallas 1999, pet. ref'd), the
court noted, "The record fails to show the extent of the child's conversation with her
mother or that the child described any specific details of the alleged abuse." However, the
child gave the Family Services counselor specific details about the offense. Id. The
appellate court found the trial court could have reasonably determined the complainant's
statement to her mother was not a clear description of the offense charged, as required by
article 38.072, and that the child's statements to the counselor did satisfy the statutory
requirements. Id. Accordingly, the trial court did not abuse its discretion. Id. Similarly,
in Castelan v. State, 54 S.W.3d 469, 475-76 (Tex. App.--Corpus Christi 2001, no pet.),
the victim did not relay specific details of the abuse to his grandmother but in the interview
with a school counselor described the alleged incidents in great detail. The court
determined it was not an abuse of discretion for the trial court to permit the school
counselor to testify as the outcry witness. Id. at 476. 

 In the case now before this Court, there is simply no indication, only uncertainty,
as to the level of detail given by O.B. in her statement to her mother. Accordingly, we
cannot say the trial court abused its discretion in determining O'Brien to be the outcry
witness. Point of error one is overruled.

 The judgment of the trial court is AFFIRMED.

 PER CURIAM

Submitted on November 21, 2001 

Opinion Delivered November 28, 2001

Do not publish 


Before Walker, C.J., Burgess, and Gaultney, JJ.