11th Court of Appeals
Eastland, Texas
Opinion
Eric Christopher Smith 
            Appellant
Vs.            No. 11-03-00098-CR -- Appeal from Rockwall County
State of Texas 
            Appellee
 
            Appellant pleaded guilty to the first degree felony offense of aggravated sexual assault of a
child. Pursuant to the terms of appellant’s plea agreement with the State, the trial court sentenced
appellant to 40 years confinement. In three appellate issues, appellant argues that the trial court erred
in denying his pretrial motions. We affirm.
            The indictment alleged that:
[Appellant], on or about the 15th day of June, 2001...did then and there intentionally
or knowingly cause the sexual organ of J.M., a child who was then and there younger
than 14 years of age and not the spouse of [appellant], to contact and penetrate the
mouth of [appellant].
 
The trial court set the case for pretrial hearing on February 11, 2003, and for trial on February 18,
2003. On January 22, 2003, the State filed a notice of intention to use the child’s hearsay statement
under TEX. CODE CRIM. PRO. ANN. art. 38.072 (Vernon Pamph. Supp. 2004). The State indicated
that it intended to offer the child’s outcry statement through the testimony of Connie Palmer or the
child’s mother. Palmer worked for the Collin County Child Advocacy Center.
             On the date of the trial setting, appellant filed a motion to obtain an expert witness, a motion
for continuance, and a motion to suppress outcry statement. In his motion to obtain an expert witness,
appellant stated that he needed to retain the services of a child psychologist or child psychiatrist. In
his motion for continuance, appellant asserted that his expert would need time to review a videotaped
statement that the child had given to Palmer. In his motion to suppress outcry statement, appellant
asserted that Palmer was not the proper outcry witness. The trial court denied appellant’s motions.
            In his first two issues, appellant complains that the trial court erred in denying his motion to
obtain an expert witness and his motion for continuance. We review a trial court’s ruling on a motion
to obtain an expert under an abuse of discretion standard. Griffith v. State, 983 S.W.2d 282, 287
(Tex.Cr.App.1998). An indigent defendant is entitled to the appointment of an expert when the
defendant makes a preliminary showing that the issue for which he seeks expert assistance is “likely
to be a significant factor” at trial. Ake v. Oklahoma, 470 U.S. 68 (1985); Rey v. State, 897 S.W.2d
333 (Tex.Cr.App.1995). The Court of Criminal Appeals has explained that the appointment of an
expert is required when a defendant makes “a preliminary showing of a significant issue of fact on
which the State would present expert testimony, and which the knowledge of a lay jury would not be
expected to encompass.” Jackson v. State, 992 S.W.2d 469, 474 (Tex.Cr.App.1999). To make this
preliminary showing, a defendant must offer more “than undeveloped assertions that the requested
assistance would be beneficial.” Williams v. State, 958 S.W.2d 186, 192 (Tex.Cr.App.1997); Rey v.
State, supra. 
            In his motion, appellant asserted that he “require[d] a child psychologist/psychiatrist to testify 
to the credibility of the video testimony as well as the actual court testimony [and] to determine
whether the [child] was fantasizing, being misinterpreted, or coached.” At the hearing on the motion,
appellant’s counsel stated that he had watched the videotape and that appellant needed a child
psychologist or child psychiatrist “to determine the credibility of the videotape” and “whether the
child [was] either coached or fantasizing or may have been misunderstood in the video.” Appellant
did not present any affidavits or evidence in support of his motion. Appellant only offered his
counsel’s undeveloped assertions that appellant needed an expert. Thus, appellant did not make the
preliminary showing of his need to obtain an expert witness. Williams v. State, supra at 192; Rey v.
State, supra. The trial court did not abuse its discretion in denying appellant’s motion to obtain an
expert witness or in denying appellant’s related motion for continuance. Appellant’s first two issues
are overruled.
            In his third issue, appellant argues that the trial court erred in denying his motion to suppress
the minor’s outcry statement to Palmer. Appellant contends that the child’s mother was the proper
outcry witness rather than Palmer. Article 38.072 governs the admissibility of outcry statements. It
provides that certain hearsay testimony is admissible in the prosecution of offenses committed against
children 12 years of age or younger. Article 38.072 applies to outcry statements that: (1) were made
by the child against whom the offense was allegedly committed and (2) were made to the first person,
18 years of age or older, other than the defendant, to whom the child made a statement about the
offense. To constitute outcry evidence, the child’s statement must be more than a general allusion
that sexual abuse is going on; the statement must describe the offense in some discernible manner. 
Garcia v. State, 792 S.W.2d 88, 92 (Tex.Cr.App.1990); Castelan v. State, 54 S.W.3d 469, 475
(Tex.App. – Corpus Christi 2001, no pet’n); Sims v. State, 12 S.W.3d 499, 500 (Tex.App. – Dallas
1999, pet’n ref’d). The proper outcry witness is the first adult person other than the defendant to
whom the child made a statement describing the alleged offense in some discernible manner. 
Broderick v. State, 35 S.W.3d 67, 73-74 (Tex.App. – Texarkana 2000, pet’n ref’d). A trial court has
broad discretion in determining the admissibility of outcry evidence, and its determination as to the
proper outcry witness will not be disturbed absent a showing in the record that the trial court clearly
abused its discretion. Garcia v. State, supra. 
            The State charged appellant for the offense of aggravated sexual assault of a child by
intentionally or knowingly causing the child’s sexual organ to penetrate appellant’s mouth. Appellant
contends that the child described the offense in a discernible manner to his mother before making the
statement to Palmer. Appellant also contends that the child made a statement describing the offense
to a medical doctor before giving the statement to Palmer. The State attached two statements from
the child’s mother as exhibits to the Article 38.072 notice. The child’s mother stated that the child
told her that “[appellant] had been performing oral sex on him for about a year.” The child’s mother
did not state any other details about the charged offense in her statements. She stated that her son told
the doctor the same thing that he told her.
            The facts in this case are similar to the facts in Sims and Castelan. In Sims, a child told her
mother that the defendant “had touched her private parts.” The child later told a counselor specific
details describing the offense. The court of appeals held that the trial court did not abuse its discretion
in determining that the counselor was the proper outcry witness. The court of appeals explained that:
            The trial court could have reasonably determined that the complainant’s
statement to her mother was nothing more than a general allusion that something in
the area of sexual abuse was occurring and not a clear description of the offense
charged as required by article 38.072.
 
Sims v. State, supra at 500. 
            In Castelan, the child told his grandmother that appellant had “put his thing in through the
back.” The child later made a statement describing the offense to a school counselor. The court of
appeals affirmed the trial court’s ruling that the school counselor was the proper outcry witness. The
court of appeals explained that the child had not relayed specific details of the abuse to his
grandmother. Castelan v. State, supra at 475-76.
            In this case, the child’s statement to his mother that “[appellant] had been performing oral
sex on him” did not relay any specific details about the charged offense. Thus, the trial court could
have reasonably determined that the statement “was nothing more than a general allusion that
something in the area of sexual abuse was occurring and not a clear description of the offense
charged as required by article 38.072.” Sims v. State, supra at 500. The record does not demonstrate
that the child told his doctor anything more than he told his mother. The trial court did not abuse
its discretion in denying appellant’s motion to suppress the child’s outcry statement to Palmer. 
Castelan v. State, supra; Sims v. State, supra. 
            Appellant also contends that the trial court erred by failing to conduct a hearing as to the
reliability of the child’s outcry statement to Palmer. Article 38.072, section 2(b)(2) provides as
follows:
            (b) A statement that meets the requirements of Subsection (a) of this article
is not inadmissible because of the hearsay rule if:
 
            (2) the trial court finds, in a hearing conducted outside the
presence of the jury, that the statement is reliable based on the time,
content, and circumstances of the statement. 
 
The provisions of Article 38.072 are mandatory and must be complied with in order for the outcry
statement to be admissible over a hearsay objection. Long v. State, 800 S.W.2d 545, 547
(Tex.Cr.App.1990). Thus, a timely hearsay objection at trial gives rise to the requirement that the
trial court conduct an Article 38.072, section 2(b)(2) reliability hearing. Long v. State, supra. The
trial court commits error if it overrules the hearsay objection without conducting a hearing. Long
v. State, supra; Duncan v. State, 95 S.W.3d 669, 671 (Tex.App. – Houston [1st Dist.] 2002, pet’n
ref’d). The error is subject to a harm analysis on appeal. Duncan v. State, supra.
            This case is distinguishable from Long and Duncan. The issue in this case is whether the trial
court was required to conduct an Article 38.072, section 2(b)(2) reliability hearing during pretrial
proceedings. The language of Article 38.072, section 2(b)(2) does not require that a reliability
hearing be held during pretrial proceedings. Appellant moved to suppress the child’s outcry
statement to Palmer on two specific grounds: (1) that Palmer was at least the third adult to whom
the child had made a statement describing the offense and (2) that the statement was made in an
investigative setting and was not a spontaneous declaration. Appellant argued these two grounds at
the hearing on the motion. Appellant did not request the trial court to conduct a reliability hearing
in his motion to suppress or at the hearing on the motion. Appellant did not raise the reliability issue
in the trial court. Nothing invoked a requirement that the trial court conduct a reliability hearing.
             The trial court did not err in denying appellant’s motion to suppress. Appellant’s third issue
is overruled.
            The judgment of the trial court is affirmed.
 
                                                                                                TERRY McCALL
                                                                                                JUSTICE
 
April 8, 2004
Publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.