In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00053-CR

                                                ______________________________

 

 

                           BRANDON KEITH ALEXANDER,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 5th Judicial District Court

                                                              Cass County, Texas

                                                      Trial Court No. 2008-F-00128

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

            

            Brandon
Keith Alexander appeals his conviction for aggravated sexual assault of a child
younger than fourteen years of age for which he received a sentence of sixty
years’ imprisonment.[1]
See Tex.
Penal Code Ann. § 22.021 (Vernon Supp. 2010).  On appeal, Alexander raises a single point of
error, claiming that the trial court erred in admitting the outcry testimony of
the victim’s mother.  He claims that she
was not properly classified as the outcry witness because the victim’s
statement to her did not describe an offense in a discernible way.  Because the trial court did not abuse its
discretion in admitting the outcry testimony of the victim’s mother, we affirm
the judgment of the trial court.

I.          FACTUAL BACKGROUND

            On September 2,
2007, the victim, age five, was at home with his younger sibling and his
mother, Amanda Jones, when Jones was called to work.  Jones knew seventeen-year-old Alexander and
his family, and asked Alexander, who was visiting a friend in the apartment
complex where Jones lived, to watch her two boys while she made an emergency trip
to work.  Jones left for work at approximately
10:30 a.m. and returned home around 11:00 a.m. 
When Jones arrived home, Alexander returned to his friend’s
apartment.  At that time, the victim
approached Jones and said, “Mama, guess what?” 
When Jones asked what, the victim told her, “Brandon said that he was
going to stick his ding-a-ling in my butt.” 
Jones responded, “Well, did he?”  The
victim responded affirmatively.  The
victim told Jones the incident took place in the bedroom, but did not provide
further details.  

            Jones
immediately called her landlord, Dana Crowmeans, a reserve officer with the
Atlanta Police Department.  Crowmeans
contacted Officer Tommy Hawley with the Atlanta Police Department.  Upon receiving the call, Hawley met with
Jones at her home.  Jones was extremely
upset, but cooperative.  

            Based
on information provided by Jones, Hawley located Alexander in the apartment of
his friend and, after advising Alexander of his rights, questioned him about
the incident.  Alexander admitted to
having put his penis in the victim’s anus. 
Hawley’s recorded interview with Alexander, containing this confession,
was played for the jury.  Alexander also
provided a written statement confessing to the sexual assault.  The written statement was published to the
jury.

            Hawley
accompanied Jones and the victim to St. Michael Hospital on September 3, 2007,
where a sexual assault examination was conducted by Kathy Lach, the house
supervisor and sexual assault nurse examiner for the hospital.  The victim told Lach, “Brandon stuck his
ding-a-ling in my butt.  I was lying in
my mom’s bed.  My mom was gone to her job
and Brandon stuck his ding-a-ling into my butt.”  Lach further testified that the victim told
Alexander to stop, but he did not; that Alexander put baby lotion on his “ding-a-ling”
and put it in the victim’s anus; and that it hurt and the victim cried.  Alexander told the victim that he would buy
him ice cream and five cars, and to stop crying and Alexander would stop.  Lach testified that when she asked the victim
to identify on an anatomical diagram what he was speaking of when he said “ding-a-ling,”
the victim pointed to the male penis. 
Lach neither found any trauma on the victim’s body associated with the
sexual assault, nor did she find any DNA evidence.  

            The
victim, age seven at the time of trial, was found competent to testify; his
testimony largely mirrored that provided by Lach.

II.        ANALYSIS

            Significant to the
trial of this case, the order in which the witnesses were called did not
reflect the chronology of their involvement. 
That is, although Jones was the first person to whom the child related
anything about the incident, Lach’s testimony (which was substantially more
detailed than Jones’) preceded that of Jones. 
In his sole appellate point, Alexander claims error in the admission of
Jones’ testimony as that of the outcry witness, given that Lach was the proper
outcry witness.  

            Hearsay
is not admissible except as provided by statute or by the rules of evidence.  Tex. R.
Evid. 802; Long v. State,
800 S.W.2d 545, 547 (Tex. Crim. App. 1990). 
In cases involving certain sex crimes against children, Article 38.072
of the Texas Code of Criminal Procedure provides an exception to the hearsay
rule for testimony by “outcry witnesses” when specific requirements are met.  See Tex.
Code Crim. Proc. Ann. art. 38.072 (Vernon Supp. 2010); Brown v. State, 189 S.W.3d 382, 385
(Tex. App.––Texarkana 2006, pet. ref’d). 
An outcry witness is the first person, eighteen years of age or older,
other than the defendant, to whom the child victim made a statement about the
offense.  Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a)(2).  The trial court has broad discretion to
determine whether the child’s statement falls within the hearsay
exception.  Garcia v. State, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); Villanueva v. State, 209 S.W.3d 239, 247 (Tex. App.––Waco 2006, no pet.).  The exercise of that discretion will not be
disturbed on appeal unless the trial court’s decision is outside the zone of
reasonable disagreement.  Weatherred v. State, 15 S.W.3d 540, 542
(Tex. Crim. App. 2000).

            There
was no hearsay objection raised to the testimony given by Lach; therefore, the
question of whether Lach was testifying under the outcry witness exception to
the hearsay rule did not arise at trial. 
Rather, the question concerning the identity of the proper outcry
witness did not come to the fore until Jones testified.  Alexander asserts the statements made by the
child to Jones were not specific enough to qualify as outcry statements,
especially in light of Lach’s testimony, which provided more detail of the
event.  We have previously held that the
proper outcry witness is not determined by comparing statements given by the
child to different individuals and then deciding which person received the most
detailed statement about the offense.  Brown, 189 S.W.3d at 386; Broderick v. State, 35 S.W.3d 67, 73
(Tex. App.––Texarkana 2000, pet. ref’d). 
Instead, we determine the proper outcry witness to be the first person
to whom the child described the offense in some discernible manner.  Garcia v. State, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990) (outcry must be more
than general allusion of sexual abuse). 
Alexander claims the statement to Jones does not describe the offense in
a “discernible manner.”  In support of
this assertion, Alexander relies on Castelan
v. State, 54 S.W.3d 469, 475–76 (Tex. App.––Corpus Christi 2001, no pet.),
where the child victim did not relay specific details of abuse to his
grandmother, but simply told her the defendant “put his thing in through the
back.”  Id.  The proper outcry
witness, as determined by the trial court, was a school counselor to whom the
victim described the events in greater detail. 
Id.

            Alexander
also relies on Sims v. State, 12
S.W.3d 499 (Tex. App.––Dallas 1999, pet. ref’d), in which the victim told her
mother that the defendant “had touched her private parts.”  Id. at
500.  This statement was no more than a
general allusion that sexual abuse occurred. 
Id.  Therefore, the Dallas court determined that a
counselor, to whom the victim described the events in greater detail, was the
proper outcry witness.  Id. 

            The
statement in this case is more than a mere allusion that sexual abuse occurred
and is certainly more descriptive than the statement in Castelan that the defendant “put his thing in through the back,”
which really does not describe any type of sexually abusive incident.  Here, the victim told Jones, “Brandon said he
was going to stick his ding-a-ling in my butt.” 
Jones replied, “Well, did he?”  The
victim responded, “yes.”  

            Jones’s
response of “Well, did he?” implies that she knew precisely what the victim was
talking about when he made the allegation. 
While Jones testified that the term “ding-a-ling” was not a term that
she used and she did not know how the victim was familiar with that term, her
actions immediately following the allegation indicate that she understood the
victim was alleging a specific incident of sexual abuse.[2]  Upon hearing the allegation, Jones
immediately called Crowmeans.  Crowmeans
called Hawley, who spoke with Jones and instructed her to take certain steps to
preserve potential evidence.  Hawley
arrived on the scene and initiated an investigation, resulting in Alexander’s
arrest.

            Helpful
to our determination is the case of Gallegos
v. State, in which the Corpus Christi court held that when a child has
sufficiently communicated that the touching occurred to a part of the body
within the definition of the statute, the evidence will be sufficient to
support a conviction regardless of the unsophisticated language the child
uses.  Gallegos v. State, 918 S.W.2d 50, 54 (Tex. App.––Corpus Christi
1996, pet. ref’d).  The statute provides,
and the jury was instructed, that a person commits aggravated sexual assault if
the person intentionally or knowingly causes the penetration of the anus of a
child by any means and the victim is younger than fourteen years of age.  Tex.
Penal Code Ann. § 22.021.  Here,
the victim clearly communicated to Jones that Alexander penetrated the anus of
the victim.  The fact that the victim
used the term “ding-a-ling” does not diminish the fact that the victim
communicated an act defined as aggravated sexual assault under the
statute.  The evidence here was sufficient
to show that the victim described the offense in a discernible manner to Jones
before he talked with Lach.  Accordingly,
Jones was the proper outcry witness. 
This point of error is overruled.

III.       CONCLUSION

            We
affirm the judgment of the trial court.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          December 8, 2010

Date Decided:             December 9, 2010

 

Do Not Publish

 











[1]The
indictment in this case alleged aggravated sexual assault of a child under the
age of fourteen years by causing the sexual organ of the defendant to penetrate
the anus of the victim.  See Tex.
Penal Code Ann. § 22.021 (a)(1)(B)(i), (2)(B) (Vernon Supp. 2010).





[2]Significantly,
in his written confession, Alexander uses the term “ding-a-ling” when referring
to his penis.