**MODIFY and AFFIRM; and Opinion Filed January 27, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01220-CR

### HUBERT WILLIAMS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 194th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F11-53043-M

## MEMORANDUM OPINION

Before Justices O'Neill, Myers, and Brown
Opinion by Justice O'Neill

A jury convicted appellant Hubert Williams of indecency with a child and sentenced him to twenty-five years' imprisonment. On appeal, appellant argues the trial court abused its discretion by determining the forensic interviewer from the child advocacy center was the proper outcry witness. He also seeks modification of the trial court's judgment to show he was charged with indecency with a child. By cross-point, the State also seeks modification of the judgment to reflect that appellant pleaded true to two enhancement paragraphs and that findings of true were entered for both enhancement paragraphs. As modified, we affirm the trial court's judgment.

## Background

In March of 2011, complainant A.M. went to play at her friend Secret's apartment.[1] When she arrived, she thought only Secret and her brother were present. However, appellant, who was Secret's stepdad, woke up shortly thereafter and joined the girls. They played Wii in the living room and later went to Secret's room. Appellant then engaged the girls in a pillow fight.

After the pillow fight, Secret asked if they could play outside. Appellant said they could go out after Secret took a shower. While Secret took a shower, appellant and A.M. were alone in Secret's room. Appellant again tried to start a pillow fight, but A.M. told him to stop.

A.M. testified appellant then picked her up and his face touched her "private part." She clarified that her "private part" was her vagina. She told appellant to stop, but he repeated his actions. He then carried A.M. to his room and laid her on his bed. Appellant got on top of her, lifted her legs, and "started making noises." A.M. said he moved his body up and down while he was on top of her. She screamed for help, but Secret did not hear her. A.M. also testified appellant pulled out his penis, but he never touched her with it.

When Secret got out of the shower, appellant left the room. A.M. ran to the bathroom crying and told Secret appellant tried to hurt her and do inappropriate things. A.M. retrieved her things from Secret's room and started to leave the apartment. Appellant tried to apologize to her, but she did not accept the apology.

A.M. ran across the street and a woman in the apartment complex saw her crying. A.M. told the woman a man tried to hurt her. The woman called the police.

During this time, A.M.'s grandmother also returned home. Her grandmother took her to the Dallas Children's Advocacy Center. There, A.M. met with Patricia Guardiola, a forensic

---

[1] At the time of trial, A.M. was twelve years old.

interviewer. A.M. described in detail what happened to her. Based on the interview, appellant was indicted for indecency with a child. The jury convicted him and sentenced him to twenty-five years in prison. This appeal followed.

**Outcry Witness**

In his second issue, appellant argues the trial court abused its discretion when it ruled that Patricia Guardiola, the forensic interviewer, rather than complainant's grandmother, was the proper outcry witness. Appellant argues it is undisputed that A.M. told Guardiola at the end of the interview that she told her grandmother "everything I just told you." Relying on this statement, appellant argues A.M.'s grandmother was the proper outcry witness. The State responds the trial court did not abuse its discretion in designating Guardiola as the appropriate outcry witness because based on the grandmother's testimony from the outcry hearing, the record clearly establishes A.M. did not share all the details of the offense, as alleged in the indictment, with her grandmother. Moreover, the State alleges even if the designation was error, the error was harmless.

Article 38.072 of the Texas Code of Criminal Procedure allows admission of certain hearsay testimony in the prosecution of offenses committed against children. TEX. CODE CRIM. PROC. ANN. art. 38.072 (West Supp. 2013). The outcry statute applies only to statements made (1) by the child against whom the offense was allegedly committed, and (2) to the first person, eighteen years of age or older, to whom the child made a statement about the offense. *Id.* To be a proper outcry statement, the child's statement to a witness must describe the alleged offense in some discernable manner and must be more than a general allusion to sexual abuse. *Sims v. State*, 12 S.W.3d 499, 500 (Tex. App.—Dallas 1999, pet. ref'd); *see also Hernandez v. State*, No. 05-13-00202-CR, 2014 WL 50544, at *1 (Tex. App.—Dallas Jan. 7, 2014, no pet. h.) (mem. op., not designated for publication). The trial court has broad discretion in determining the proper

outcry witness, and its determination will not be disturbed absent an abuse of discretion. *Sims*, 12 S.W.3d at 500.

We disagree with appellant that A.M. "relayed sufficient facts to her grandmother" for her to be the proper outcry witness. A.M. testified during trial that Guardiola was the first adult she shared the details of what happened with appellant. During the outcry hearing, A.M. testified she told her grandmother that appellant tried to hurt her, but she did not tell her grandmother appellant put his mouth on her private part.

The grandmother testified during the outcry hearing that A.M. told her "she was attacked by Secret's stepdad." A.M. did not exactly tell her what happened because A.M. was hysterical. A.M. "didn't go into details that day because, mainly, I was doing all the necessary calls to report the incident." When pressed further, the grandmother said the only other detail A.M. shared with her that day was that appellant held her down.

In contrast, Guardiola testified during the outcry hearing that A.M. told her appellant "had his head going down her body and then staying at her vagina over the clothes." A.M. made it clear to Guardiola that appellant's head contacted her vagina.

Appellant was charged with indecency with a child. A person commits the offense if, with a child younger than seventeen years of age, the person engages in sexual contact. TEX. PENAL CODE ANN. § 21.11(a) (West 2011). "Sexual contact" means, if with the intent to arouse or gratify the sexual desire of any person, (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person. *Id.* § 21.11(c).

The record is clear Guardiola is the first adult A.M. described, in a discernable manner, the offense as alleged in the indictment; specifically, that appellant contacted A.M's genitals

–4–

with his mouth.  Accordingly, the trial court did not abuse its discretion by ruling that Guardiola was the appropriate outcry witness.  Appellant's second issue is overruled.

## Modification of Judgment

In his first issue, appellant argues the judgment should be modified to reflect he was charged with indecency with a child and not indecency with a child, continuous.  The State agrees.  Similarly, in a cross-point, the State argues the judgment should be modified to reflect entries of true as to two enhancement paragraphs.

We may reform a judgment to correctly reflect the jury's findings when we have the necessary information to do so.  *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).  Here, the trial court judgment states appellant was convicted of "INDECENCY WITH A CHILD CONTINUOUS."  However, the indictment filed against him was for indecency with a child.  The jury was charged, and found, appellant guilty of "the offense of indecency with a child younger than 17 years of age."  Thus, we sustain appellant's first issue and modify the judgment to reflect appellant's conviction for indecency with a child.

We likewise sustain the State's cross-issue.  The record shows appellant entered pleas of true to two enhancement paragraphs, and the jury found both to be true.  However, the judgment says "N/A" to two enhancement paragraphs and findings.  Accordingly, the judgment of the trial court is modified to reflect appellant's pleas of true as well as findings of true as to both enhancement paragraphs.

## Conclusion

The judgment of the trial court is modified to reflect the correct offense of indecency with a child and to show the correct pleas and findings as to both enhancement paragraphs.

–5–

As modified, the judgment of the trial court is affirmed.


/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

121220F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HUBERT WILLIAMS, Appellant

No. 05-12-01220-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-53043-M.
Opinion delivered by Justice O'Neill.
Justices Myers and Brown participating.

Based on the Court's opinion of this date, we **MODIFY** the judgment to reflect that appellant was convicted of INDECENCY WITH A CHILD rather than INDECENCY WITH A CHILD CONTINUOUS.

The judgment is further **MODIFIED** to reflect that appellant pleaded TRUE to two enhancement paragraphs and the jury found both enhancement paragraphs to be TRUE.

As modified, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 27th day of January, 2014.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE