# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===

## NO. 03-14-00389-CV

===

## In the Matter of R. J.

===

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT**
**NO. J-33,773, HONORABLE RHONDA HURLEY, JUDGE PRESIDING**

===

## M E M O R A N D U M   O P I N I O N

After finding that appellant R.J. engaged in delinquent conduct by committing the offenses of aggravated sexual assault of and indecency with a child, the trial court put appellant on probation for four years and placed him in a residential treatment center. Appellant contends that the trial court abused its discretion by admitting improper outcry testimony, that the evidence was insufficient to support part of the adjudication, and that the judgment violates protections against double jeopardy. The State concedes that the adjudication in part constitutes double jeopardy. We will vacate the judgment in part, affirm it in part, and remand for a new disposition hearing.

## BACKGROUND

Appellant was adjudicated delinquent for committing sexual offenses when he was twelve years old with girls who were less than ten years old. The first occurred on July 13, 2013, with S.M., T.D. , and T.D.'s sister, Z.D. The second episode occurred on July 15, 2013 with Q.K. and A.C.

The mother of T.D. and Z.D. testified that T.D. reported that appellant "touched between her legs" under her clothes and Z.D. said he "rubbed her butt." The girls' mother called police and took them for an examination at the hospital. Swabs of the areas reportedly touched showed two DNA contributors—neither of which was appellant. Angie Jones, the police detective who interviewed the girls testified that S.M. reported assaults only on the other girls. The girls were later interviewed at the Center for Child Protection. Interviewer Marisa Dubose testified at trial that, during her interview, S.M. asked for a bathroom break and, on her way, whispered something that Dubose said made S.M.'s mother develop " a look of shock." Dubose testified that S.M. said that she told her mother that appellant had "put his dingaling in my butt." Dubose also testified that S.M. reported that appellant had the girls take off their clothes, after which he put his penis into their anuses and touched the inside of her vagina with his hand. Dubose testified that Z.D. reported that appellant touched S.M. on her bottom under her clothes. Forensic interviewer Jennifer Findley Murphy testified that T.D. reported that appellant touched the outside of her middle part over her clothes, touched her vagina and anus with his fingers, and "humped" her so fast that her underwear came down. She said that T.D. also reported that "the same thing happened" to S.M. and Z.D. and that appellant "put his finger in [S.M.'s] butt." Murphy also testified that T.D. said that a female cousin touched her "middle part."

Less than a week later, A.C., a five-year-old child who lived near where the July 13 episode occurred, reported that appellant had touched her inappropriately. Her mother testified that A.C. and her friend, Q.K., were acting strangely—the normally loud and happy girls were quiet and secretive—and that A.C. abruptly did not want her mother's help to bathe. A.C. told her mother that

2

"something had happened" and that her vaginal area hurt. A.C.'s mother testified that A.C.'s vagina looked very red, swollen, and maybe a little torn.

Austin Police Department Detective Angie Jones interviewed appellant and testified that he denied the girls' accusations, was mad that they lied, and said "he would kick them in the teeth for lying." She said that appellant admitted spending time in the apartment with the girls and said that one of the girls watched him use the restroom. The detective also testified that appellant told her that one of his accusers "spreads her legs for everybody" and that sex offenders were "being 'their selves.'"

At trial, appellant objected to the admission of testimony by the forensic interviewers of T.D. and S.M., arguing that each girl made an outcry to a relative first. The trial court overruled the objection, and the interviewers related the girls' description of the episodes. T.D. testified, but did not provide information about the events alleged here. Z.D. first testified that a boy touched her, but then said she was scared to say if someone touched her and that she did not know if someone had touched her. S.M. flatly denied that appellant touched her improperly and that she ever was interviewed about whether he touched her. She nevertheless stated that appellant is "not a safe person" and that he does "nasty stuff," including making T.D. take off her clothes.

The trial court adjudicated appellant to have committed delinquent conduct by committing nine offenses. Six offenses involved S.M., the first four of which were aggravated sexual assault of a child and the latter two of which were indecency with a child by contact: penetrating her sexual organ with his finger, penetrating her anus with his sexual organ and his finger, contacting her anus with his sexual organ, and contacting her genitals and anus. The other three offenses were indecency with a child by contact with the genitals of T.D., Q.K., and A.C.

3

None of appellant's issues addresses the adjudication of delinquency regarding his conduct involving Q.K. and A.C. We affirm his adjudication for conduct involving those girls.

The State concedes that the three contact-based offenses involving S.M. are lesser-included offenses of three penetration-based offenses for which he was adjudicated delinquent.[1] *See* Tex. Penal Code §§ 21.11, 22.021; s*ee also Aekins v. State*, 447 S.W.3d 270, 280-81 (Tex. Crim. App. 2014) (citing *Ex parte Pruitt*, 233 S.W.3d 338, 348 (Tex. Crim. App. 2007))*.* As such, the State asks that we vacate the adjudication concerning the lesser-included offenses to avoid double jeopardy. *See Bigon v. State*, 252 S.W.3d 360, 372 (Tex. Crim. App. 2008). We vacate the following segment of the Judgment of Delinquency with respect to the three lesser-included offenses:

> To wit: on or about the 13th day of July, 2013, in Travis County, State of Texas, the said Respondent violated a penal law of this State punishable by imprisonment, to-wit: Section 22.021 of the Texas Penal Code (Aggravated Sexual Assault of a Child), in that he did then and there knowingly and intentionally cause the anus of [S.M.], a child younger than 14 years of age, to contact the sexual organ of the said [Respondent]. To wit: on or about the 13th day of July, 2013, in Travis County, State of Texas, the said Respondent violated a penal law of this State punishable by imprisonment, to-wit: Section 21.11 of the Texas Penal Code (Indecency with a Child by Contact), in that he did then and there, with intent to arouse and gratify his sexual desire, knowingly and intentionally engage in sexual contact by touching the genitals of [S.M.], a child younger than 17 years of age. To-wit: on or about the 13th day of July, 2013, in Travis County, State of Texas, the said Respondent violated a penal law of this State punishable by imprisonment, to-wit: Section 21.11 of the Texas Penal Code (Indecency with a Child by Contact), in that he did then and there, with intent to arouse and gratify his sexual desire, knowingly and intentionally

---

[1] When discussing the judgment at trial, the parties agreed that the indecency offenses were "subsumed" into other offenses, but they did not discuss one aggravated assault offense being subsumed into another. The judgment signed did not subsume the lesser-included offenses into the greater offenses.

engage in sexual contact by touching the anus of [S.M.], a child younger than 17 years of age.

## DISPUTED ISSUES

Appellant's remaining challenges attack the admission of outcry evidence concerning appellant's conduct with S.M. and T.D. and the sufficiency of the evidence to support the adjudication concerning the conduct involving S.M.

### Outcry testimony

Appellant asserts that the admission of testimony from forensic interviewers Dubose and Murphy violated the hearsay rule because they were designated untimely and were not the proper outcry witnesses. The family code permits admission of testimony that would otherwise be excluded as hearsay in a juvenile case under the following circumstances:

(b) This section applies only to statements that describe the alleged violation that:
(1) were made by the child or person with a disability who is the alleged victim of the violation; and
(2) were made to the first person, 18 years of age or older, to whom the child or person with a disability made a statement about the violation.
(c) A statement that meets the requirements of Subsection (b) is not inadmissible because of the hearsay rule if:
(1) on or before the 14th day before the date the hearing begins, the party intending to offer the statement:
(A) notifies each other party of its intention to do so;
(B) provides each other party with the name of the witness through whom it intends to offer the statement; and
(C) provides each other party with a written summary of the statement;
(2) the juvenile court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and
(3) the child or person with a disability who is the alleged victim testifies or is available to testify at the hearing in court or in any other manner provided by law.

5

Tex. Fam. Code § 54.031. We apply this statute the same way as the similar statute governing outcry witnesses in criminal law. *In re Z.L.B.*, 102 S.W.3d 120, 123 (Tex. 2003). We will overturn the trial court's determination of who is a proper outcry witness only when the record shows that the trial court clearly abused its discretion. *Garcia v. State*, 792 S.W.2d 88, 90-92 (Tex. Crim. App. 1990) (interpreting the outcry-witness statute from the criminal law, Tex. Code Crim. Proc. art. 38.072); *see also In re J.G.*, 195 S.W.3d 161, 169 (Tex. App.—San Antonio 2006, no pet.). The appellant has the burden to show the abuse of discretion, which requires showing that trial court made a decision without reference to any guiding principles such that the decision falls outside the zone in which reasonable minds could differ. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

Appellant contends and the State concedes that the State provided only twelve days notice of its intention to call outcry witnesses concerning his actions with S.M. and T.D. rather than the fourteen days set out in the statute. *See* Tex. Fam. Code § 54.031(c)(1). The notice requirement is intended to prevent surprise to the defendant regarding the outcry-witness testimony. *Fetterolf v. State*, 782 S.W.2d 927, 930 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd) (interpreting Tex. Code Crim. Proc. art. 38.072). Appellant argues that noncompliance with the mandatory notice period should have prevented the State from using this exception to the rule excluding hearsay. *See* Tex. Fam. Code § 54.031(c)(1); Tex. R. Evid. 802. However, admission of outcry testimony despite failure to provide timely notice of the intention to call the witness is harmless error if the defendant had actual notice of the identity of the outcry witness, the victim testified and was subject to cross-examination, and the defendant does not demonstrate how the lack of timely notice impeded his defense. *See Fetterolf*, 782 S.W.2d at 930; *see also Upton v. State*, 894 S.W.2d

6

426, 429 (Tex. App.—Amarillo 1995, pet. ref'd).  In this case, the State argued that it made the offense reports mentioning the interviewers available to appellant three months before trial, and the video recordings of the interviews by the outcry witnesses were available two months before trial.  Appellant did not at trial and does not here argue that he was surprised by the outcry witnesses or their testimony.  Both S.M. and T.D. testified and were available for cross-examination.  Appellant has not demonstrated harm in the admission of the outcry testimony despite the State's late notice of intention to call the outcry witnesses.

Appellant next argues that the testimony of Murphy and Dubose was unreliable because they were not the first adults to whom T.D. and S.M. spoke about appellant's actions.  *See* Tex. Fam. Code § 54.031(b).  The record shows that T.D. spoke to her mother about the incident before speaking to Murphy and that S.M. spoke to her aunt about it before speaking to Dubose.  The court of criminal appeals has held that, to fit within the outcry exception to hearsay exclusion, the child's statement to the adult "must be more than words which give a general allusion that something in the area of child abuse was going on." *Garcia*, 792 S.W.2d at 91; *Villanueva v. State*, 209 S.W.3d 239, 247 (Tex. App.—Waco 2006, no pet.).  The proper outcry witness is the adult to whom the complainant first tells how, when, and where she was assaulted.  *Villanueva*, 209 S.W.3d at 247; *see also Sims v. State*, 12 S.W.3d 499, 500 (Tex. App.—Dallas 1999, pet. ref'd).  In *Sims*, the child told her mother she did not want to visit Sims because he touched her private parts, but that disclosure did not make the mother the outcry witness.  12 S.W.3d at 500.  Though the mother did not believe the child's claim, she reported it to a family services counselor who then talked with the child.  *Id.*  The court of appeals concluded that, because the child first described the details of

7

where and how she was touched to the counselor, the trial court did not abuse its discretion by designating the counselor as the outcry witness. *Id.*

We cannot say that the trial court abused its discretion by concluding that T.D.'s forensic interviewer was the outcry witness. T.D.'s mother testified that T.D. said that he touched her between her legs under her clothes. While T.D.'s initial report may allude to sexual assault, it lacks detail and does not lock in T.D.'s mother as the outcry witness. *See id.* The Austin police officer who responded to the scene testified that T.D.'s mother told him that her two daughters were touched on the vagina, but that does not prove that T.D. provided the key details said to her mother. By contrast, the forensic interviewer Murphy testified that T.D. told her that appellant touched her middle part and then demonstrated with dolls that the male pushed his finger into the female's vagina and anus. Based on the testimony, we cannot say that the trial court abused its discretion by concluding that T.D. first provided details describing an offense to the forensic interviewer. *See id.*

The same is true for S.M.'s outcry witness. The record shows that S.M. spoke to her aunt about appellant's actions before speaking with Dubose, but that S.M. reported only his assaults on the other girls. There is no evidence that S.M. made an outcry to anyone about appellant touching her before she spoke to Dubose. There is testimony that, before telling Dubose that appellant assaulted her, S.M. whispered something that Dubose said made S.M.'s mother develop "a look of shock." However, there is no testimony about what that statement was that would show that it was sufficiently detailed to qualify as an outcry statement. *See id.*

8

We conclude that the trial court did not abuse its discretion by admitting the testimony from Murphy and Dubose about the offenses involving T.D. and S.M. as outcry-witness testimony excepted from the hearsay exclusion.

**Sufficiency of the evidence**

Appellant contends that the evidence is legally insufficient to support the adjudication for the three offenses of aggravated sexual assault of S.M.[2] We review adjudications of delinquency in juvenile cases by applying the same standards applicable to sufficiency of the evidence challenges in criminal cases. *See* Tex. Fam. Code § 54.03(f). *See also In re M.C.L.*, 110 S.W.3d 591, 594 (Tex. App.—Austin 2003, no pet.). We view all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The trier of fact is the sole judge of the weight and credibility of witness testimony, and therefore, on appeal we must give deference to the fact finder's determinations. *In re M.L.M.*, 459 S.W.3d 120, 126 (Tex. App.—El Paso 2015, no pet.) (citing *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010)). If the record contains conflicting inferences, we must presume the fact finder resolved those facts in favor of the verdict and defer to that resolution. *Id.* (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). On appeal, we serve only to ensure that the fact finder reached a rational verdict, and we may not reevaluate the weight and credibility of the

---

[2] He also challenged the sufficiency of the evidence supporting the adjudication on the indecency offenses, but we have already decided to vacate those due to double-jeopardy concerns.

9

evidence produced at trial and in so doing substitute our judgment for that of the fact finder. *Id.* (citing *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000)).

Appellant relies heavily on S.M.'s repeated denials in trial that appellant touched her. There was other somewhat confusing testimony from S.M.:

Q. [Appellant], okay. Had you ever told anyone that [appellant] did something to you?

A. (Nods affirmatively.)

Q. Yes, okay. What did you say that [appellant] did?

A. He didn't do nothing to me.

Appellant cites the absence of DNA or other physical evidence that he sexually assaulted S.M. He points to other testimony from Dubose that S.M. said that the assault occurred in a church and that she said something about killing everybody as being inconsistent and undermining S.M.'s credibility. He also recites the repeated testimony that he denied committing these offenses.

The trial court had to decide which evidence was credible. We cannot say that the trial court could not have reasonably found credible Dubose's account of S.M.'s accusations against appellant. She testified that S.M. told her that appellant put his penis in her anus and touched her vagina on the inside. Dubose also testified that Z.D. reported that appellant touched S.M. on her anus under her clothes. The trial court resolved credibility choices between statements attributed to S.M. and appellant as well as conflicts within S.M. various statements—including her denials at trial, her silence before the forensic interview, and her accusatory statements to the forensic interviewer. Viewed in the light most favorable to the verdict, the evidence is sufficient to support the trial court's

conclusion beyond a reasonable doubt that appellant committed the actions that constitute the offenses underlying the court's adjudication of his delinquency.

## CONCLUSION

We vacate that part of the Judgment of Delinquency concerning the three lesser-included offenses involving S.M. as set out above, affirm the judgment with respect to the remainder of the delinquency adjudication, and remand this cause so that the trial court may revisit and revise its disposition if necessary based on the revised adjudication.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Field

Vacated in part; Affirmed in part; and Remanded

Filed:   November 6, 2015

11