

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00081-CR

JUAN PEDRO GARCIA                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1488239R

----------

### MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Juan Pedro Garcia of continuous sexual assault of a child, and the trial court sentenced him to thirty-five years' confinement. In a single point, Garcia argues that the trial court abused its discretion by admitting the outcry testimony of the complainants' mothers because their testimony was insufficiently specific to qualify for admission under the outcry-witness exception

---

[1]*See* Tex. R. App. P. 47.4.

to the hearsay rule contained in code of criminal procedure article 38.072. *See* Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 2017). Garcia forfeited his point for appellate review because his argument on appeal does not comport with the objections that he raised at trial. We will affirm.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1461 (2016). "Error preservation does not involve a hyper-technical or formalistic use of words or phrases; instead, '[s]traight forward communication in plain English' is sufficient." *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 908–09 (Tex. Crim. App. 1992)). "To avoid forfeiting a complaint on appeal, the party must 'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'" *Id.* (quoting *Lankston*, 827 S.W.2d at 909). To preserve error, the issue on appeal must comport with the objection made at trial. *Id.* In determining whether an appellate complaint comports with the objection made at trial, "we consider the context in which the complaint was made and the parties' shared understanding at that time." *Id.*

Applicable in proceedings for prosecution of certain listed offenses, article 38.072 establishes an exception to the hearsay rule for statements made by a child or disabled victim "to the first person, 18 years of age or older, other than the defendant, to whom the [victim] . . . made a statement about the offense." Tex. Code Crim. Proc. Ann. art. 38.072 § 2(a)(3). Article 38.072 requires more than "a general allusion that something in the area of child abuse was going on." *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). To be a proper outcry statement, the child's statement to the witness must describe the alleged offense, or an element of the offense, in some discernible manner. *See id.* As a general rule, in order to describe the alleged offense, the statement must contain the "how," "when," or "where" the offense allegedly transpired. *See Brown v. State*, 381 S.W.3d 565, 572 (Tex. App.—Eastland 2012, no pet.) (citing *Sims v. State*, 12 S.W.3d 499, 500 (Tex. App.—Dallas 1999, pet ref'd)) ("On the other hand, the child's statements to Burkett regarding how, when, and where appellant touched her clearly satisfied the statutory requirements."). A statement that meets the requirements of the statute is admissible if, among other things, "on or before the 14th day before the date the proceeding begins, the party intending to offer the statement" "notifies the adverse party of its intention to do so." Tex. Code Crim. Proc. Ann. art. 38.072 § 2(b)(1)(A).

Outside the presence of the jury, the trial court entertained motions just before the parties made their opening statements. Among other complaints, Garcia sought to exclude any outcry testimony on the ground that the State had

failed to comply with section 2(b)(1)(A) of article 38.072 by not timely notifying him of its intent to offer the outcry testimony on or before the fourteenth day before the date the trial began:

> [Defense counsel]:  Finally, the State has given me a notice of outcry which I feel is deficient, and I would like to make a record on that matter and seek a ruling before we seat the jury.

> The Court:  Okay.

> [Defense counsel]:  On February 21st the State filed a notice of outcry statement.  I didn't get it until the next day maybe, but I think the 21st is what controls.  If you look at Section 38.072 of the Code of Criminal Procedure, it sets out the requirements before an outcry – before an outcry is admissible before a jury.

> Specifically, I would direct the Court's attention to 38.072, section – section (2)(B) where it says a statement meets the requirements and is not inadmissible because of [the] hearsay rule if – and then it sets out several – several things that the State has to meet before a statement overcomes the hearsay objection. Specifically, (B)(1) states that on or before the 14th day before the proceeding begins, the party intending to offer the statement notifies the adverse party of its intent to do so.  And they didn't make that deadline.

> So I'm seeking court ruling that any adult who tries to provide hearsay evidence be barred from doing so because of failure on the part of the State to meet the requirements of outcry.

The State replied that the outcry testimony was admissible because Garcia had been on notice of who the outcry witnesses were (via the offense reports) and because Garcia had suffered no harm.  Garcia responded by directing the trial court to some caselaw, and he confirmed that his objection was based on the State's failure to provide him with timely notice under the statute—"I think the

4

State has missed their deadline and the outcry statement should not come in." The trial court overruled Garcia's objection and gave him a running objection.

During the State's case, Garcia objected each time the State elicited outcry testimony from the complainants' mothers. He asserted the following objection to E.G.'s outcry testimony:

> [Defense counsel]: Your Honor, I'm going to have to object as hearsay. These statement – *I think the Court's already given me a running objection on this pursuant to a hearing outside the presence of the jury.* But I'm going to go ahead and make my objection that it's hearsay and does not meet the outcry requirements as mandated by the Code of Criminal Procedure.
>
> The Court: All right. That objection is overruled. [Emphasis added.]

Garcia asserted the following objection to M.G.'s outcry testimony:

> [Defense counsel]: Okay. At this point I will *renew* my objections that this is hearsay, not having properly met the outcry requirements, and ask that I have a – continue to have a running objection.
>
> The Court: All right. Those objections are overruled, and you may have a running objection. [Emphasis added.]

And Garcia asserted the following objection to L.G.'s outcry testimony:

> [Defense counsel]: Objection, *pursuant to my earlier line of objections* as hearsay. And I've got a running objection on that?
>
> The Court: That's correct. The objection is overruled and a running objection is continuing. [Emphasis added.]

On appeal, Garcia argues that the trial court abused its discretion by overruling his objections to the mothers' outcry testimony because the children's statements did not describe how, when, or where the offense allegedly

5

transpired. *See Garcia*, 792 S.W.2d at 91. But as the foregoing record excerpts clearly demonstrate, Garcia never asserted that specific objection at trial. Instead, when the trial court was considering the parties' pretrial motions, Garcia objected that the State had failed to give him timely notice of its intent to offer the outcry testimony, and he renewed that same objection each time the State offered outcry testimony. *See* Tex. Code Crim. Proc. Ann. art. 38.072 § 2(b)(1)(A). Garcia therefore forfeited his point for appellate review because his argument on appeal does not comport with the objections that he raised at trial. *See Pena*, 285 S.W.3d at 464. Insofar as Garcia intended to object on the ground that he now raises on appeal, the objections lacked the requisite specificity to adequately advise the trial court of his complaint. *See* Tex. R. App. P. 33.1(a)(1). We overrule Garcia's only point and affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: SUDDERTH, C.J.; MEIER and KERR, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 1, 2018

6