**AFFIRM; and Opinion Filed July 14, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00594-CR

**JOSE ANGEL JASSO JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-0972432-P**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice O'Neill

A jury convicted appellant Jose Angel Jasso Jr. of aggravated sexual assault of a child and sentenced him to life in prison. He raises seven issues on appeal regarding sufficiency of the evidence to support his conviction and admission of certain evidence during trial. We affirm the trial court's judgment.

### Background

Appellant was complainant's grandmother's brother. Complainant was seven years old the first time appellant abused her. He did it many times in various locations, but mostly in the hallway of her house. The first time he abused her, the family was in the backyard and complainant was inside watching television. Appellant came inside and motioned for complainant to walk to the hallway. He then lifted her shirt and started licking her breasts. He pulled down her pants and licked her "bottom part," which she explained was where she went to

the restroom "number one." Complainant also described a time when appellant abused her in a car and at her grandmother's house.

Complainant eventually told her grandmother about the abuse. She also told her grandmother another relative, her Uncle Mariano, was sexually abusing her. Her grandmother later told complainant's mother about the abuse. Her mother talked to complainant at school, and she described some of the sexual abuse.

Complainant then went to the Dallas Child's Advocacy Center for an interview. During the interview, complainant described how appellant performed oral sex on her. She also talked about Uncle Mariano, but complainant was clear in differentiating between the two men's abuse.

Appellant was charged with aggravated sexual assault of a child. The jury convicted appellant and sentenced him to life in prison. This appeal followed.

**Sufficiency of the Evidence**

In his first issue, appellant argues the evidence is insufficient to support his conviction because of inconsistencies in complainant's story and because there was no physical evidence or eyewitness testimony. The State responds the evidence is sufficient to support conviction, as the jury was free to believe complainant and reconcile conflicts in evidence.

The standard for determining whether evidence is legally sufficient to support a conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S 307, 319 (1979); *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012). The jury is the exclusive judge of witness credibility and the weight to be given testimony. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (en banc). It is also within the exclusive province of the jury to reconcile conflicts in the evidence. *Id*.

To prove the elements of aggravated sexual assault of a child, the State must prove appellant intentionally and knowingly caused the female sexual organ of a child to contact and penetrate the mouth of appellant. TEX. PEN. CODE ANN. § 22.021(a)(1)(B)(i) (West Supp. 2013).

Although the record indicates the jury heard testimony from complainant regarding sexual abuse at the hands of appellant and her uncle, complainant clearly differentiated between the two men and the instances of abuse. She described her uncle as young and appellant as "an old man." She described how her uncle got down on both knees while performing oral sex, but appellant got down on one knee. Thus, the record does not indicate, as appellant suggests, that complainant was abused only by her uncle and she was merely "confused" when she testified about appellant. The jury was the exclusive judge of her credibility and believed her, regardless of any inconsistencies in her story or how unlikely appellant claims it was for him to abuse her because of his elderly age and poor health.

The jury was free to believe complainant when she repeatedly testified that appellant performed oral sex on her. The testimony of the child victim alone is sufficient to support a conviction for sexual assault. *See Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. ref'd). Accordingly, we conclude the evidence is sufficient to support appellant's conviction. Appellant's first issue is overruled.

### Outcry Witness Testimony

In his second issue, appellant claims the court erred by allowing Nakisha Biglow, the forensic interviewer, to testify as the outcry witness because complainant's mother was the proper outcry witness. The State responds the sub rosa hearing established Biglow was the proper outcry witness.

Article 38.072 of the Texas Code of Criminal Procedure allows admission of certain hearsay testimony in the prosecution of offenses committed against children. TEX. CODE CRIM.

PROC. ANN. art. 38.072 (West Supp. 2013). The outcry statute applies only to statements made (1) by the child against whom the offense was allegedly committed, and (2) to the first person, eighteen years of age or older, to whom the child made a statement about the offense. *Id.* To be a proper outcry statement, the child's statement to a witness must describe the alleged offense in some discernable manner and must be more than a general allusion to sexual abuse. *Sims v. State*, 12 S.W.3d 499, 500 (Tex. App.—Dallas 1999, pet. ref'd); *see also Hernandez v. State*, No. 05-13-00202-CR, 2014 WL 50544, at *1 (Tex. App.—Dallas Jan. 7, 2014, no pet.) (mem. op., not designated for publication). The trial court has broad discretion in determining the proper outcry witness, and its determination will not be disturbed absent an abuse of discretion. *Sims*, 12 S.W.3d at 500.

Appellant argues complainant's mother should have been designated as the outcry witness. He relies on the complainant's testimony in which she said she told her mother appellant licked her "bottom part." However, complainant testified Biglow was the *first* adult she told about appellant putting his mouth on her "bottom part."

During the sub rosa hearing, mother testified complainant did not tell her about the oral sex when they first discussed the abuse because "she wouldn't go into detail with me." Mother explained she first found out about that detail the day before trial. Before that, complainant had only told her appellant lifted her shirt, sucked her breasts, and put his hand underneath her pants.

The record is clear that Biglow is the first adult complainant described, in a discernable manner, the offense as alleged in the indictment; specifically, that appellant contacted her female sexual organ with his mouth. Accordingly, the trial court did not abuse its discretion by designating Biglow as the outcry witness. Appellant's second issue is overruled.

## The Forensic Interview

In his third and sixth issues, appellant alleges the trial court abused its discretion by admitting the videotape of the forensic interview into evidence. He argues Biglow used leading questions and encouraged complainant to embellish her answers, which made the interview unreliable. He further argues the videotape was inadmissible because it was improper bolstering and duplicitous. The trial court admitted the videotape under the best evidence theory because of possible confusion to the jury based on questions by both the State and the defense. Appellant contends "there did not exist any state of confusion in the jury that would allow the State to introduce the whole tape."

As to appellant's third issue, we conclude the issue is not preserved for review. The rules of appellate procedure require a brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(1). When, as here, the appellate issue is supported by only a conclusory statement and not citation references, nothing is presented for review.

Appellant has failed to direct this Court to anywhere in the videotape where Biglow used leading questions. It is not our job to make arguments for inadequate briefing or to scour the record in search of error. *See Wyatt v. State*, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000). Accordingly, appellant's third issue is overruled.

In his sixth issue, appellant complains the trial court abused its discretion by playing the videotape of the forensic interview because it was improper bolstering of complainant, and it was duplicitous. The trial court ruled the videotape was admissible "as the best evidence and/or prior inconsistent statements . . . ."

Assuming without deciding that the trial court erred by admitting the videotape, we conclude any alleged error is harmless. The admission of evidence is harmless when the same

–5–

evidence came in elsewhere without objection. *Lane v. State*, 151 S.W.3d 188, 192–93 (Tex. Crim. App. 2004); *Loya v. State*, No. 05-11-00845-CR, 2012 WL 4875499, at *6 (Tex. App.—Dallas Oct. 16, 2012, no pet.) (not designated for publication). Here, the jury heard essentially the same evidence, without objection, through complainant's testimony and through Biglow's testimony. With the evidence of sexual abuse reflected through other witness testimony, we have fair assurance the assumed error did not influence the jury, or had but a slight effect. TEX. R. APP. P. 44.2(b); *Loya*, 2012 WL 4875499, at *6. Accordingly, we conclude the purported error was harmless. Thus, appellant's sixth issue is overruled.

### Evidence of Gifts

In his fourth issue, appellant contends his constitutional right to confrontation was violated when the trial court overruled his attempts to introduce evidence of gifts allegedly received by complainant that influenced her testimony. He also contends the trial court abused its discretion by not allowing him to explore her motive under rule of evidence 613(b) to falsely testify.

Appellant did not object during trial that his constitutional right to confrontation was violated. Errors based on the constitutional rights to confrontation and due process may be waived by failure to object. *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (en banc); *Lofton v. State*, No. 05-10-01265-CR, 2011 WL 6225415, at *6 (Tex. App.—Dallas Dec. 9, 2011, pet. ref'd) (not designated for publication). Thus, appellant has not preserved his confrontation argument for review.

However, appellant urged at trial that he should have been allowed to question complainant about a puppy and a turtle she received as gifts because the family was "showering this child with gifts in order to have her testify." Appellant relies on rule of evidence 613(b) for support.

–6–

We apply an abuse of discretion standard when reviewing a trial court's decision to admit or exclude evidence. *Ramos v. State*, 245 S.W.3d 410, 417–18 (Tex. Crim. App. 2008). We uphold a trial court's evidentiary ruling as long as it is within the zone of reasonable disagreement and correct under any legal theory applicable to the case. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007).

Under rule of evidence 613(b), a defendant is entitled, subject to reasonable restrictions, to show any relevant fact that might tend to establish ill feeling, bias, motive, interest, or animus on the part of any witness testifying against him. TEX. R. EVID. 613(b); *Billodeau v. State*, 277 S.W.3d 34, 42–43 (Tex. Crim. App. 2009). Under this rule, the opponent must first cross-examine the witness with the circumstances surrounding the bias, interest, or motive; if the witness denies the circumstances or motive, the opponent may introduce extrinsic evidence to prove the motive or bias. *Sturgeon v. State*, No. 05-10-00672-CR, 2011 WL 5042087, at *3 (Tex. App.—Dallas Oct. 25, 2011, pet. ref'd) (not designated for publication).

The trial court held a sub rosa hearing outside the presence of the jury in which appellant questioned complainant about a puppy and a turtle given to her by her mother. In response to questions, complainant admitted (1) she received the puppy and turtle after she told her grandmother about the abuse; (2) her mother told her she needed to be strong; and (3) her mother told her she needed to fight the case against her uncle and appellant.

Despite the opportunity, appellant did not ask complainant if her testimony against appellant was motivated by the gifts she received. Nor did he call her mother as a witness and ask if she gave complainant the gifts because she wanted to influence complainant's testimony. Thus, nothing in the record establishes a nexus between complainant receiving gifts and her allegations of sexual abuse. To the extent appellant argues the evidence was relevant to show motive, he did not establish any relevance through complainant's testimony during the sub rosa

hearing. S*ee, e.g., Smith v. State*, 352 S.W.3d 55, 64 (Tex. App.—Fort Worth 2011, no pet.) (the proponent of evidence attempting to show bias or motive must show the evidence is relevant). Under these circumstances, we cannot conclude the trial court abused its discretion by excluding the evidence. We overrule appellant's fourth issue.

## Expert Testimony

In his fifth issue, appellant argues the trial court abused its discretion by allowing Wynne Shaw, a clinical supervisor at the Dallas Children's Advocacy Center, to testify as an expert regarding a child's ability to give accurate dates of an event. The State responds the issue is waived. We agree with the State.

The trial court conducted a hearing in which it determined Shaw could testify regarding "access, delayed outcry, disclosure, I.D. and sexual abuse effect." The State asked Shaw about a child's memory and the ability to provide dates and order of events. Appellant did not object. Shaw answered, " . . . children do have good memory for things that happened, but their sense of time and order and dates and that sort of thing is just not as good or as developed as adults."

A timely and specific objection must be made in the trial court to preserve a complaint for appeal. TEX. R. APP. P. 33.1. Because appellant failed to object, any alleged error caused by admitting the testimony is waived. *Id*.

In reaching this conclusion, we are mindful that appellant refers to Shaw's testimony as objectionable but provides a record citation to testimony from Detective Glen Slade, who also opined "it's very difficult for children to be able to give dates." Appellant objected to Detective Slade's testimony as speculative; however, the trial court overruled the objection.

Even if we assumed appellant intended to challenge the testimony of Detective Slade, his issue is still not preserved for review. When the same evidence is presented to the jury elsewhere during trial without objection, no reversible error exists. *Espinosa v. State*, 194

S.W.3d 703, 708 (Tex. App.—Houston [14th Dist.] 2006, no pet.).  Appellant must object at the earliest possible opportunity to prevent waiver of an issue on appeal.  *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991) (en banc).  This he did not do.  Moreover, appellant objected the testimony was speculative; however, on appeal he argues the testimony was inadmissible because "the expert testified about (1) a matter outside the scope of the qualifications of the expert and (2) to offer testimony as to matters that did not aid the jury and was an attempt to corroborate the child was telling the truth."  If a party asserts a different complaint on appeal than the objection made at trial, the issue is waived.  *Brown v. State*, 333 S.W.3d 606, 614 (Tex. App.—Dallas 2009, no pet.).  Because appellant's complaint on appeal does not comport with his objection below and the same testimony was admitted elsewhere without objection, he has waived his issue.  Appellant's fifth issue is overruled.

## Extraneous Offense Evidence

In his final issue, appellant contends the trial court abused its discretion by allowing extraneous offense evidence that was too remote, factually inconsistent to the present offense, and more prejudicial than probative.  The State responds the evidence was admissible to rebut the defensive theory that complainant fabricated her story.

We review rulings on the admissibility of evidence under an abuse of discretion standard.  *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007).  We will conclude a trial court abused its discretion if its ruling lies "outside the zone of reasonable disagreement." *Id*.

The trial court held a hearing outside the presence of the jury in which Myriam Gonzalez testified.  Appellant was Myriam's grandfather's brother.  She testified she had known appellant her whole life.

She then testified that when she was between five and seven years old,[1] appellant exposed himself to her and asked her to touch his penis while she was playing alone in a garage. At the time, she said other family members were inside the house. She testified the incident "couldn't have been no longer than two minutes."

The State argued the extraneous offense evidence was admissible to rebut two defensive theories: (1) that appellant did not have time to commit the offense and (2) that he could not have committed the offense because other family members could have seen him. The State argued Myriam's testimony showed appellant had previously committed a sexual offense against another child in a matter of minutes while family members were in close proximity. Thus, the evidence rebutted the defensive theory that he did not have time to sexually assault complainant, and he could not have had the opportunity because family members were outside at the time.

Appellant objected the evidence was more prejudicial than probative because it occurred more than twenty years ago and it was not similar to the offense charged. He also argued he did not ask complainant any questions that would "develop a [defensive] theory."

The trial court determined the evidence was more probative than prejudicial and further determined it was admissible "under our case law to rebut some of the defensive arguments that will be made in this case."

On appeal, appellant argues the trial court erred because the extraneous offense evidence was more prejudicial than probative, and the evidence was not proof of a "common scheme or plan" under Texas Rule of Evidence 404(b). *See* TEX. R. EVID. 404(b). We first note appellant did not object in the trial court under rule 404(b)'s exception allowing for the admission of other crimes, wrongs, or acts to show proof of a plan. The State did not argue the extraneous offense was admissible to show proof of a plan, nor did the trial court base its ruling on this exception.

---

[1] Myriam was twenty-eight years old at the time of trial.

–10–

To raise an issue on appeal, appellant must make a timely objection to the trial court. TEX. R. APP. P. 33.1. Moreover, if a party asserts a different complaint on appeal than was made by objection at trial, the issue is waived. *Brown*, 333 S.W.3d at 614. Because appellant's rule 404(b) complaint does not comport with his objection below, he has waived this argument.

However, appellant has preserved his rule 403 objection regarding whether admission of the extraneous offense evidence was more prejudicial than probative. *See* TEX. R. EVID. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."). A trial court should consider several factors in determining whether the prejudicial effect of evidence substantially outweighs its probative nature under rule 403. These factors include: (1) how compelling the evidence of the extraneous offense serves to make a fact of consequence more or less probable; (2) the extraneous offense's potential to impress the jury in some irrational but indelible way; (3) the time the proponent will require to develop evidence of the extraneous misconduct; and (4) the proponent's need for the extraneous evidence. *See Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002) (en banc).

It has been recognized that in prosecutions for sexual offenses, a successful conviction often depends primarily on whether the jury believes the complainant. *Id.* The evidence here, at a minimum, provided the "small nudge" towards contradicting appellant's defensive theories that he neither had time nor the opportunity to commit the sexual assault and towards proving that the sexual assault did indeed occur. Myriam's entire testimony only took up eight pages of a multi-volume record; therefore, it did not take much time to develop the evidence. While evidence of an extraneous offense will always carry emotional weight and the danger of impressing the jury in an irrational and indelible way, our rules of evidence require the exclusion only if the danger of unfair prejudice, delay, or needless repetition substantially outweighs the probative value. *See*

–11–

*id*. We conclude that the trial court's decision to admit the extraneous offense in this case fell within the zone of reasonable disagreement.

Moreover, even if the trial court erred in its admission, any error was harmless. Rule 44.2(b) of the rules of appellate procedure provides that any non-constitutional error that does not affect substantial rights must be disregarded. TEX. R. APP. P. 44.2(b). Substantial rights are not affected by the erroneous admission of evidence if the appellate court, after examining the record as a whole, has fair assurance the error did not influence the jury, or had but a slight effect. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). The erroneous admission of an extraneous offense is non-constitutional error. *Patterson v. State*, No. 05-06-00808-CR, 2007 WL 4200998, at *14 (Tex. App.—Dallas Nov. 29, 2007, no pet.) (not designated for publication).

In conducting a harm analysis, an appellate court should consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the trial court's instructions to the jury, the State's theory, any defensive theories, closing arguments, and even voir dire if material to appellant's claim. *Id*.; *see also Motilla*, 78 S.W.3d at 355–56. Whether the State emphasized the error can also be a factor. *Id*.; *see also Motilla*, 78 S.W.3d at 355–56. Moreover, the weight of the evidence of appellant's guilt is also relevant to the analysis. *Patterson*, 2007 WL 4200998, at *14.

As noted above, Myriam's testimony did not take much time to develop. Moreover, the State did not mention it in closing until its rebuttal, which was in response to appellant arguing she was not credible and questioning how appellant could defend himself against something that allegedly happened years earlier. Even then, the State, in three sentences, only argued it was possible for appellant to commit the act "in an instant" and still get away with it "with other people present." *See id*. (noting evidence was not harmful when presented in a few short

–12–

sentences of testimony and only mentioned once by the State in closing argument). The majority of the State's closing argument focused on complainant's and Biglow's testimony. In fact, the State emphasized complainant was credible because (1) she accused her Uncle Mariano of abuse and he pleaded guilty to the offense, and (2) her outcry was unintentional. The State did not emphasize complainant was credible because of Myriam's testimony. The State also did not emphasize appellant was guilty because of Myriam's testimony. Further, the jury was properly instructed on the limited use of the extraneous offense evidence. *See* TEX. R. EVID. 105 (when evidence is admissible for a limited purpose, the trial court "shall restrict the evidence to its proper scope and instruct the jury accordingly").

Also as discussed above, the jury heard testimony from both complainant and Biglow describing the abuse. The testimony of either was sufficient to support conviction. *See, e.g.*, *Lee*, 186 S.W.3d at 655 (testimony of child victim alone is sufficient to support conviction); *see also Patterson*, 2007 WL 4200998, at *14 (weight of evidence of guilt is relevant to harm analysis).

Accordingly, upon review of the entire record, we conclude the admission of the extraneous offense evidence did not have a substantial and injurious effect or influence the jury's verdict. Appellant's seventh issue is overruled.

## Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.

/Michael J. O'Neill/
_____
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130594F.U04

–13–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSE ANGEL JASSO JR., Appellant

No. 05-13-00594-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-0972432-P.
Opinion delivered by Justice O'Neill.
Justices Moseley and FitzGerald participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 14th day of July, 2014.