**Albert Vincent THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–08–01157–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 18, 2010.

---

Casey Garrett, Houston, for appellant.

Bridget Holloway, Houston, for appellee.

Panel consists of Justices YATES, FROST, and BROWN.

## OPINION

KEM THOMPSON FROST, Justice.

Appellant Albert Vincent Thomas challenges his conviction for aggravated sexual assault of a child, asserting that a State's witness was an improper outcry witness. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The State charged appellant by indictment with the offense of aggravated sexual assault of a child, appellant's young stepdaughter, by causing the sexual organ of the child to contact appellant's sexual organ. Appellant pleaded "not guilty" to the charged offense. Before trial, appellant filed a pre-trial motion for a determination of the State's outcry witnesses. At the hearing on the matter, the complainant, eleven-year-old Mary [1] testified that when she was eight years old, she first told her mother that appellant touched her in her "private areas." According to Mary, she did not tell her mother everything about appellant's conduct, but rather told her mother "just a little bit." Mary explained that she did not tell her mother in what manner appellant touched her. Mary indicated that her mother confronted appellant, who denied the accusation. Mary testified that her mother passed away when Mary was ten years old.

Mary testified that when she was eleven years old, she told her stepmother, Markesha Federick, about appellant's conduct. She testified that she gave the "whole story" to Federick. Mary explained that she told Federick that she was sleeping

---

1. To protect the privacy of the child complainant, we refer to the child by a pseudonym.

and appellant entered her room, removed her disposable diaper—a "pull-up," and put his "private parts" into her "private parts." Mary testified that she told Federick that appellant moved "in and out" and that "white stuff started coming out of his private parts" and that it hurt her.

On cross-examination, Mary indicated that she told her mother that the incident occurred in her bedroom. She recalled telling her mother that appellant pulled her pull-up diaper down and touched her "private areas" with his hands. She denied telling her mother about appellant's movement "in and out," the "white stuff," or that appellant touched her with his "private parts."

At the end of the hearing, appellant objected to the designation of Federick as an outcry witness, asserting that Mary first made outcry to her mother, now deceased. The trial court ruled that Federick was the proper outcry witness. After the trial that followed, the jury found appellant guilty as charged, and the trial court sentenced appellant to thirty years' confinement.

## ISSUE AND ANALYSIS

In a single issue appellant claims reversible error in the trial court's designation of Federick as an outcry witness. According to appellant, Mary's mother, who had since died, was the proper outcry witness because the mother was the first to hear Mary report appellant's sexual conduct. We review a trial court's designation of an outcry witness under an abuse-of-discretion standard. See Garcia v. State, 792 S.W.2d 88, 92 (Tex.Crim.App. 1990). A trial court's designation of an outcry witness will be upheld when supported by the evidence. Id.

Under article 38.072 of the Texas Code of Criminal Procedure, some hearsay statements are admissible in prosecuting certain offenses, including aggravated sexual assault of a child, as in this case. TEX.CODE CRIM. PROC. ANN. art. 38.072, § 1 (Vernon 2005). This statute applies to "statements that describe the alleged offense" and that (1) were made by the child against whom the offense allegedly was committed and (2) were made to the first person, eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. Id. § 2(a). The Court of Criminal Appeals has construed the statute to apply to the first adult to whom the complainant makes a statement that in "some discernible manner describes the alleged offense." See Garcia, 792 S.W.2d at 91. For the statute to apply, the statement must be more than words that give a "general allusion" that something in the area of child abuse has occurred. Id.

Although appellant contends that Federick was not a proper outcry witness because Mary's mother was the first adult to whom Mary outcried about appellant's sexual misconduct, the record reflects that in her statements to her mother Mary did not "describe the alleged offense." See TEX.CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(1) (applying hearsay exception to "statements that describe the alleged offense"). Article 38.072 applies only to statements that describe the alleged offense. Id.; see Gallegos v. State, 918 S.W.2d 50, 56 (Tex.App.-Corpus Christi 1996, pet. ref'd) (providing that outcry testimony of appellant kissing child did not exceed the scope of the statute requiring statements to describe the alleged offense because in the indictment charging appellant the State alleged both sexual assault and indecency with a child by contact). Mary's statements to her mother involved appellant's sexual conduct with Mary in using his hands; however, appellant was charged with causing Mary's sexual organ

to contact his sexual organ. *See* TEX.CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(1). Thus, it is not clear that the event to which Mary alluded when speaking with her mother was the same event that was the subject of Mary's outcry to Federick.

Furthermore, according to Mary's testimony at the outcry hearing, in statements to her mother Mary did not describe the occurrence with any specificity. *See Reyes v. State,* 274 S.W.3d 724, 728 (Tex.App.-San Antonio 2008, pet. ref'd). She denied telling her mother about appellant's "private parts," "white stuff," appellant's movement "in and out," or how it hurt her; Mary testified that she only told her mother about appellant using his hands to touch her. The record does not reflect that Mary told her mother of any specific details of the offense for which appellant was charged. *See Bargas v. State,* 252 S.W.3d 876, 894 (Tex. App.-Houston [14th Dist.] 2008, no pet.); *Sims v. State,* 12 S.W.3d 499, 500 (Tex.App.-Dallas 1999, pet. ref'd) (involving child who told mother of sexual misconduct, although record does not reflect whether the child shared any specific details of the alleged offense with mother). The trial court reasonably could have determined that Mary's statement to her mother was nothing more than a general allusion that something in the area of sexual abuse had occurred and not a clear description of the alleged offense. *See* TEX.CODE CRIM. PROC. ANN. art. 38.072, § 2(a); *Bargas,* 252 S.W.3d at 894. Such statements, as general allusions, in which the complainant does not describe the alleged offense in some discernible manner, are not within the purview of article 38.072. *See* TEX.CODE CRIM. PROC. ANN. art. 38.072, § 2(a); *Garcia,* 792 S.W.2d at 91.

As reflected by the record, Mary's statements to Federick include a detailed description of the alleged offense with Mary describing how appellant put his "private parts" into her "private parts," how appellant moved "in and out," and that "white stuff started coming out of his private parts." According to the record, Federick was the first person over eighteen years of age to whom Mary, in some discernible manner, described the offense charged in the indictment. *See* TEX.CODE CRIM. PROC. ANN. art. 38.072, § 2(a); *Garcia,* 792 S.W.2d at 91. Mary's account to Federick of appellant's sexual conduct was more than a general allusion that sexual abuse had occurred; her statements contained sufficient information about the nature of the acts and the perpetrator to meet the requirements of article 38.072. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a); *Garcia,* 792 S.W.2d at 91. We conclude the trial court did not abuse its discretion in designating Federick as the proper outcry witness. *See* TEX.CODE CRIM. PROC. ANN. art. 38.072, § 2(a); *Garcia,* 792 S.W.2d at 91. Therefore, we overrule appellant's sole issue and affirm the trial court's judgment.