**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 25, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-16-00642-CR

### IN RE ALBERT VINCENT THOMAS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1145134**

## MEMORANDUM OPINION

On August 15, 2016, relator Albert Vincent Thomas filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Jim Wallace, presiding judge of the 263rd District Court of Harris

County, to compel the Harris County District Clerk to forward to relator a copy of the record related to his conviction for aggravated sexual assault of a child.

Relator complains that, although the trial court ordered that he was indigent for the for the purpose of employing counsel and paying for the record for the appeal of his conviction, he did not receive a copy of the record pursuant to the December 16, 2008 order, even though relator had requested a copy. To be entitled to mandamus relief, the relator must show that (1) he has no adequate remedy at law; and (2) what he seeks is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). With respect to ministerial duty, the relator is required to show that (1) the trial court must have a legal duty to perform a nondiscretionary act; (2) the relator must have a made a demand for performance; and (3) the trial court must have refused the request. *In re Mendoza*, 467 S.W.3d 76, 78 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding).

Relator has not shown that the trial court has legal duty to compel the district clerk to provide relator with a free copy of the trial record. Indigent defendants have a right to appointed counsel and a free trial record on direct appeal, but do not have those rights for discretionary review of a decision of the court of appeals or for collateral attacks on their convictions. *In re Bonilla*, 424 S.W.3d 528, 532 (Tex. Crim. App. 2014) (orig. proceeding). This court affirmed relator's conviction on February 18, 2010, and the Texas Court of Criminal Appeals refused relator's pro se petition for discretionary review on July 24, 2013, after permitting relator to file an out-of-time petition for discretionary review. *See Thomas v. State*,

309 S.W.3d 576 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Moreover, relator does not aver in his petition that he either asked the trial court to direct the district clerk to provide him with a copy of the record or that the trial court refused such request.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Busby, Donovan, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).