# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00299-CR

**The State of Texas, Appellant**

**v.**

**Ayoob Akteyarlee, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. D-1-DC-15-900250, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellee Ayoob Akteyarlee guilty of "super" aggravated sexual assault of a child. *See* Tex. Penal Code § 22.021(a)(2)(B), (f)(1). Akteyarlee filed a motion for new trial, the trial court granted the motion, and the State appealed. In four points of error, the State contends that the trial court abused its discretion in granting the motion for new trial and that the written judgment of conviction should be modified to correct a clerical error. We will affirm the trial court's order granting the motion for new trial.

## BACKGROUND[1]

At the time of the alleged offense, Akteyarlee and his wife Doris were living with Akteyarlee's cousin, his cousin's wife, and his cousin's two children. His cousin's daughter,

---

[1] The facts recited in this opinion are taken from the testimony and other evidence presented at trial.

M.A.,[2] was five years old. On May 7, 2014, Doris called 911 and told the dispatcher that Akteyarlee had sexually abused a child. The police never arrived, and Doris called 911 again. After the police still did not arrive, Doris made a third call and cancelled her request.[3]

Doris later reported suspected sexual abuse to the Texas Department of Family and Protective Services. According to Doris, M.A. told her about the abuse. Doris brought the alleged abuse to the attention of M.A.'s father, who immediately kicked Akteyarlee out of the apartment.

Akteyarlee was indicted on two counts of "super" aggravated sexual assault of a child and two counts of indecency with a child by contact. M.A. testified at trial but did not identify Akteyarlee in court or make any allegations of sexual abuse. The State did not call Doris to testify at trial but instead called Marisa DuBose (sometimes spelled "Debose" or "DeBose" in the record), a forensic interviewer with the Center for Child Protection, who had interviewed M.A. Over Akteyarlee's objection, the court designated DuBose as an outcry witness and allowed her to testify regarding statements that M.A. had made during the interview. *See* Tex. Code Crim. Proc. art. 38.072.

The jury found Akteyarlee guilty of "super" aggravated sexual assault of a child, and the trial court sentenced him to 25 years in prison. Akteyarlee then filed a motion for new trial, which the trial court granted after holding an evidentiary hearing. In its findings of fact and conclusions of law, the trial court determined that: (1) it improperly allowed DuBose to testify as an outcry witness; (2) a juror who was a paralegal made incorrect statements of law to the jury and persuaded the jury to find Akteyarlee guilty, and these actions constituted an improper "outside

---

[2] We refer to M.A. by her initials because she is a minor.

[3] Recordings of Doris's three 911 calls were admitted into evidence at the hearing on Akteyarlee's motion for new trial.

2

influence"; and (3) the evidence was insufficient for any rational juror to find Akteyarlee guilty beyond a reasonable doubt. This appeal followed.

## STANDARD OF REVIEW

"A trial judge's decision to grant a motion for new trial is reviewed only for an abuse of discretion." *State v. Zalman*, 400 S.W.3d 590, 593 (Tex. Crim. App. 2013). We view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it was within the zone of reasonable disagreement. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). Moreover, we presume that the trial court correctly granted a new trial, and the State has the burden to establish the contrary. *See State v. Trahan*, No. 14-15-00472-CR, 2016 WL 269162, at *4 (Tex. App.—Houston [14th Dist.] Jan. 21, 2016, pet. ref'd) (mem. op., not designated for publication) (citing *State v. Sanders*, 440 S.W.3d 94, 99 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd)).

A defendant need not establish reversible error as a matter of law before the trial court may exercise its discretion to grant a motion for new trial, but trial courts do not have discretion to grant a new trial unless the defendant demonstrates that the first trial was seriously flawed and that the flaws adversely affected his substantial rights to a fair trial. *See State v. Herndon*, 215 S.W.3d 901, 909 (Tex. Crim. App. 2007). "The trial court, as factfinder, is the sole judge of witness credibility at a hearing on a motion for new trial with respect to both live testimony and affidavits." *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013). "Accordingly, the appellate court must afford almost total deference to a trial court's findings of historical facts as well as mixed questions of law and fact that turn on an evaluation of credibility and demeanor." *Id.*

3

**DISCUSSION**

According to the trial court's findings of fact and conclusions of law, Doris was the proper outcry witness in this case and the court erred in designating DuBose as an outcry witness. The court determined that M.A. conveyed the "how, when, and where" of the alleged sexual assault to Doris and that M.A. made these statements to Doris before she discussed the alleged abuse with DuBose. In its third point of error, which we address first because it is dispositive, the State contends that the trial court abused its discretion in granting a new trial based on the court's conclusion that it had erred in allowing DuBose to testify as an outcry witness and that this error harmed Akteyarlee.

Article 38.072 of the Texas Code of Criminal Procedure, also known as the outcry statute, creates a hearsay exception in the prosecution of certain sexual offenses against children for the admission of a child's first outcry of sexual abuse to an adult. Tex. Code Crim. Proc. art. 38.072; *Bays v. State*, 396 S.W.3d 580, 581 n.1 (Tex. Crim. App. 2013). The outcry statute applies only to out-of-court statements that: (1) describe the alleged offense; (2) are made by the child; and (3) are made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense. Tex. Code Crim. Proc. art. 38.072 § 2(a); *Mims v. State*, No. 03-13-00266-CR, 2015 WL 7166026, at *2 (Tex. App.—Austin Nov. 10, 2015, pet. ref'd) (mem. op., not designated for publication).

Although the outcry statute provides that the proper outcry witness is the "first" adult to whom a child made a statement about the offense, the court of criminal appeals has interpreted that provision to mean the first adult "to whom the child makes a statement that in some discernible

4

manner describes the alleged offense." *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). "[T]he statement must be more than words which give a general allusion that something in the area of child abuse was going on." *Id.* If the initial statement to an adult conveyed nothing more than a "general allusion" of abuse, then the recipient of a subsequent, detailed statement should be designated as the outcry witness, even though that person technically was not the first adult to whom the child revealed the offense. *See Mims*, 2015 WL 7166026, at *2; *Thomas v. State*, 309 S.W.3d 576, 579 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). This requirement allows the State to present outcry testimony that describes the charged offenses in a "discernable manner," even though the child may have previously made general allusions regarding the offense to another adult. *See Garcia*, 792 S.W.2d at 91. Generally speaking, the proper outcry witness is the first adult to whom the complainant describes "how, when, and where" the abuse occurred. *See Garcia v. State*, No. 03-14-00269-CR, 2016 WL 1691218, at *1 (Tex. App.—Austin Apr. 22, 2016, pet. ref'd) (mem. op., not designated for publication); *Reyes v. State*, 274 S.W.3d 724, 727 (Tex. App.—San Antonio 2008, pet. ref'd).

Moreover, because outcry witnesses are event-specific, the hearsay exception permits testimony of multiple outcries if they regard discrete occurrences or discrete events of abuse and are not merely a repetition of the same event told to different individuals. *See Dorsey v. State*, No. 03-10-00039-CR, 2010 WL 3810830, at *3 (Tex. App.—Austin Sept. 30, 2010, pet. ref'd) (mem. op., not designated for publication); *see also Brown v. State*, 189 S.W.3d 382, 387 (Tex. App.—Texarkana 2006, pet. ref'd) ("[B]efore more than one outcry witness may testify, it must be determined the outcry concerned different events and was not simply a repetition of the same event told to different individuals."); *Hernandez v. State*, 973 S.W.2d 787, 789 (Tex. App.—Austin 1998,

pet. ref'd) ("[M]ultiple outcry witnesses may testify regarding discrete instances in which the defendant committed the charged conduct against the victim."). There may be only one outcry witness about a single event. *Garza v. State*, No. 03-04-00508-CR, 2006 WL 2706964, at *5 (Tex. App.—Austin Sept. 21, 2006, pet. ref'd) (mem. op., not designated for publication). An appellate court reviews the admission of outcry-witness testimony under an abuse-of-discretion standard and must determine whether any erroneously admitted testimony affected the defendant's substantial rights. *See Dorsey*, 2010 WL 3810830, at *4; *see also* Tex. R. App. P. 44.2(b).

It is undisputed that Doris was the first person at least 18 years old other than the defendant whom M.A. told about the alleged abuse. Therefore, Doris was the only outcry witness to whom article 38.072's hearsay exception would apply, and the trial court erred in allowing DuBose to present hearsay testimony, unless M.A. did not convey the "how, where, and when" of the offense to Doris in a discernible manner or unless M.A. described a separate offense to DuBose. *See* Tex. Code Crim. Proc. art. 38.072 § 2(a); *Garcia*, 2016 WL 1691218, at *1; *Hernandez*, 973 S.W.2d at 789.

The trial court was presented with evidence that M.A. told Doris the following:

- Akteyarlee took M.A. to his bed in his room. He then removed their clothes and tried to get his "babool" (or "baboul") into her "babool." (M.A. used the term "babool" to refer to their sexual organs.)

- Akteyarlee set M.A. on his "thing" and it was "real hard" and "it felt good."

- Akteyarlee "played with [M.A.'s] babool and it tickled and it felt good."

- Akteyarlee told M.A. that they were playing a game and that M.A. should not tell her parents.

6

- Akteyarlee and M.A. were "playing with their parts."

- This happened multiple times and that it "went on every day." It happened when the family was out shopping and Akteyarlee was watching M.A. and her brother.

Viewing this evidence in the light most favorable to the trial court's ruling, we conclude that the trial court did not abuse its discretion in determining that this outcry conveyed the "how, where, and when" of the alleged abuse. According to M.A.'s outcry to Doris, Akteyarlee would place M.A.'s sexual organ on his erect penis in his bedroom while M.A.'s parents were out of the home. Although penetration is not explicitly mentioned, it is reasonably inferred from the fact that Akteyarlee "set" M.A.'s exposed sexual organ on his erect penis and "tried to get his [sexual organ] into hers." *See Chapman v. State*, 150 S.W.3d 809, 813–14 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (concluding child's mother was proper outcry witness when child told mother that defendant "tried to 'stick' his 'private part' in her 'behind,'" even though mother could not provide "a date certain" when the alleged offense occurred). Because M.A.'s description of the alleged abuse to Doris was more than a "general allusion" and "in some discernible manner describes the alleged offense," the trial court did not abuse its discretion in concluding that article 38.072's hearsay exception applied to Doris. *See Garcia*, 792 S.W.2d at 91.

The State nevertheless contends that the outcry M.A. later made to DuBose concerned a different instance of abuse. Among other things, M.A. told DuBose the following:

- Akteyarlee "play[ed] mean" on M.A.'s "belly boot" (sexual organ).

- Akteyarlee "put his thing" inside M.A.

7

- This happened in Akteyarlee's room.

- It felt "mean" to M.A. and hurt her when Akteyarlee put his "belly boot" in her "belly boot."

- When Akteyarlee put his "belly boot" inside M.A., he wiggled his body and breathed heavily.

- M.A. could not move because Akteyarlee was holding her tightly with his legs.

- This happened more than once.

- Akteyarlee told M.A. not to tell anyone.

- M.A. told Doris about the alleged abuse.

We conclude that the trial court did not abuse its discretion in determining that "[M.A.'s] statements to [DuBose] related to the same alleged conduct as her statements to Doris." In both M.A.'s account to Doris and her account to DuBose, M.A. alleged that Akteyarlee penetrated her sexual organ with his sexual organ in his bedroom on multiple occasions.[4]

---

[4] Unlike in cases that the State cites, M.A. reported the same abuse to Doris and to DuBose. *Cf. Pierce v. State*, No. 10-09-00320-CR, 2010 WL 2683052, at *2 (Tex. App.—Waco July 7, 2010, no pet.) (mem. op., not designated for publication) (holding that trial court did not abuse its discretion in failing to sustain appellant's objection to outcry witness's testimony when witness was first person whom victim had told that defendant penetrated victim's sexual organ with his tongue); *Garza v. State*, No. 03-04-00508-CR, 2006 WL 2706964, at *5 (Tex. App.—Austin Sept. 21, 2006, pet. ref'd) (mem. op., not designated for publication) (holding that forensic interviewer was proper outcry witness when she was first adult whom victim told that appellant had penetrated her genitals); *Turner v. State*, 924 S.W.2d 180, 183 (Tex. App.—Eastland 1996, pet. ref'd) (holding that counselor was not outcry witness when victim told counselor that appellant penetrated her vagina with his finger but did not say that appellant penetrated her with his penis).

We also note that in closing argument to the jury, the State argued that M.A.'s outcry to Doris was essentially the same as her outcry to DuBose:

And here, although little [M.A.], and we'll get to her in a little bit, although little

The State also argues that the trial court did not err in allowing DuBose to testify as an outcry witness because "[t]here is no evidence that Doris would have related the outcry at trial." According to the State, "the evidence at trial showed that Doris moved to a different state, refused to cooperate with the police, erased a recording of [M.A.'s] outcry, and said that she would not say a word if she was put on the witness stand." However, it was the State's burden to obtain evidence against Akteyarlee, not the defense's burden, and the State has not demonstrated that it took all reasonable steps to ensure that Doris would be available to testify at trial. Moreover, although the State presented jail calls in which Doris told Akteyarlee that she would not say anything in court to incriminate him, the State has not shown that Doris would follow through with those promises under oath[5] or that the State would not have been able to impeach Doris with her prior statements. In short, we are not persuaded that the State has established that Doris was unable to testify as an outcry witness.

Having concluded that the trial court did not abuse its discretion in determining that Doris was the proper outcry witness and that M.A. later reported the same abuse to DuBose, we next consider whether the trial court abused its discretion in determining that its error affected Akteyarlee's substantial rights. *See* Tex. R. App. P. 44.2(b). We agree with the trial court that

---

[M.A.] didn't tell you about the penetration, she told [DuBose], and [DuBose] told you that [M.A.] said that. And through [DuBose], [M.A.] told you what happened. And [M.A.] also—[M.A.] was consistent, because she told Doris some very—the core elements. She told you who: [Akteyarlee]; she told you where: His room in the old apartment; she told you what body parts were used, their *balbouls*, and she had indicated to [DuBose] the front part and not the back part, and she told Doris that it was the same act: Putting his *balboul* in my *balboul*. She was consistent.

[5] This is especially true in light of the fact that Doris was the one who initially called the police to report Akteyarlee's alleged abuse.

9

the error did harm Akteyarlee. Because M.A. did not testify that Akteyarlee had sexually abused her and because Doris did not testify at all, the evidence would have been insufficient to support Akteyarlee's conviction if the trial court had excluded DuBose's hearsay testimony. *See Owens v. State*, 916 S.W.2d 713, 719 (Tex. App.—Waco 1996, no pet.) (holding that appellant's trial counsel's deficient performance undermined confidence in jury verdict because, absent error, evidence would have been insufficient to support conviction).

For these reasons, we hold that the trial court did not abuse its discretion in granting a new trial on the ground that it erred in allowing DuBose to present hearsay testimony and that this error harmed Akteyarlee. Accordingly, we overrule the State's third point of error.[6]

---

[6] Because the trial court did not abuse its discretion in granting the motion for new trial on this ground, we need not address the State's second point of error, which challenges the trial court's grant of a new trial based on the alleged juror misconduct, or its fourth point of error, which asks this Court to modify the judgment of conviction to correct a clerical error. *See State v. Trahan*, No. 14-15-00472-CR, 2016 WL 269162, at *4 (Tex. App.—Houston [14th Dist.] Jan. 21, 2016, pet. ref'd) (mem. op., not designated for publication) (noting that appellate court will uphold trial court's order granting motion for new trial if any appropriate ground exists to support it) (citing *State v. Sanders*, 440 S.W.3d 94, 99 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd)).

However, we arguably must address the State's first point of error, which challenges the trial court's grant of a new trial based on its conclusion that the evidence was insufficient to support Akteyarlee's conviction, because, were we to conclude that the evidence was insufficient, Akteyarlee would be entitled to an acquittal. *See Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000) ("If the evidence is insufficient to support Curry's conviction, the remedy is acquittal. That remedy is greater than simply granting Curry a new trial."). To the extent that we must consider this issue, and assuming without deciding that Akteyarlee was required to and did preserve error on this issue, we conclude that the evidence was sufficient to support Akteyarlee's conviction. In reviewing the legal sufficiency of the evidence supporting a conviction, appellate courts consider "*all* evidence that the trier of fact was permitted to consider, regardless of whether it was rightly or wrongly admitted." *Demond v. State*, 452 S.W.3d 435, 445 (Tex. App.—Austin 2014, pet. ref'd) (emphasis added). Therefore, we must consider DuBose's testimony, even if she presented inadmissible hearsay testimony. DuBose testified that M.A. told her that Akteyarlee penetrated her sexual organ with his sexual organ on multiple occasions in his bedroom. We conclude that DuBose's testimony

10

**CONCLUSION**

We affirm the trial court's order granting Akteyarlee's motion for new trial.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   December 7, 2016

Do Not Publish

---

constituted sufficient evidence to support Akteyarlee's conviction because it would allow a reasonable jury to find that Akteyarlee had committed each element of the charged offense beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010).