**AFFIRMED; Opinion Filed February 21, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01328-CR

### ROY GUADALUPE CARDINAS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 2
Dallas County, Texas
Trial Court Cause No. F13-62250-I**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Evans

A jury found appellant Roy Guadalupe Cardinas guilty of the offense of aggravated sexual assault of a child under fourteen and assessed punishment at thirty years' imprisonment. In three issues on appeal, appellant generally asserts his conviction should be reversed because the trial court abused its discretion in admitting testimony from an improper outcry witness, and failed to conduct a "meaningful" article 38.072 hearing. For the reasons that follow, we affirm the trial court's judgment.

### BACKGROUND

Appellant is the father of complainant and her sister who were, respectively, eight and seven years old at the time of trial in October of 2015. On or about October 21, 2013, the girls stayed the night with their maternal grandmother. Grandmother testified that she heard the girls

arguing and went into the bedroom to investigate. She became concerned upon learning what the argument was about, put her cellphone on record, and talked to the girls. Grandmother then gave her cellphone to the girls' mother to watch the recording. Mother testified she tried to watch it, but could only watch part of the recording. Mother saw Sister "pretending to hump a pillow" and Grandmother ask, "why is [Sister] doing that?" to which complainant replied, "Because that's what Daddy does to her." She also heard Grandmother ask "What else did your dad do to you?" Mother called the police a few days later. The cellphone recording was erased two or three days after it was recorded by another of Grandmother's adult daughters. Mother never talked to the girls directly about what happened.

The State indicted appellant for aggravated sexual assault of a child under 14. The indictment accused appellant of—

> unlawfully then and there intentionally and knowingly cause the contact and penetration of the female sexual organ of [complainant], a child, who was not then the spouse of defendant, by an object, to-wit: the sexual organ of said defendant, and, at the time of the offense, the child was younger than 14 years of age….

At trial at a hearing outside the jury's presence, Grandmother testified that what caused her concern was complainant's statement that Sister would not stop doing a movement back and forth on the bed, mimicking a sex act. When Grandmother asked why she was doing that, Sister responded "That's what Daddy does to us." Grandmother asked Sister what else Daddy did to them, to which she responded, "he does that on our belly" and "then he cleans himself with a rag, with a towel." When Grandmother asked complainant if appellant had done anything to her, she responded, "He tried to do it to me but I told him to stop." The girls did not give any other details to Grandmother and they never talked about it again.

A forensic interviewer at the Dallas Children's Advocacy Center testified outside the presence of the jury that she was the first person the girls told about the details of the offense.

The interviewer stated that complainant explained that appellant's penis touched her vagina with her underwear on.

The State argued that the forensic interviewer was the appropriate outcry witness because the girls did not provide any details of the alleged offense committed other than inappropriate touching when they spoke with Grandmother or their own mother. Appellant objected to the designation of the interviewer as the outcry witness arguing that Grandmother and Mother were made aware of facts and elements that could result in criminal charges before the interviewer spoke with the girls.

The trial court ruled that the forensic interviewer was the outcry witness for complainant. The trial court also overruled appellant's objection to interviewer's testimony about outcry statements made by Sister. The doctor who performed a physical exam on the girls testified that both girls had a white band or area directly in front of their hymens which was not normal and indicated a healed injury and could be the result of penetration. The defense called complainant and Sister as witnesses. When questioned whether appellant "ever touched your private parts with his private part," complainant responded "yes." Sister testified that appellant never touched her in the places where she goes to the bathroom and she never saw appellant touch complainant in those places. Appellant was convicted of the offense of aggravated sexual assault of a child under fourteen and sentenced to thirty years' imprisonment. This appeal followed.

## ANALYSIS

In his first and second issues, appellant complains that Grandmother, rather than the forensic interviewer, was the proper outcry witness for the girls because Grandmother was the first person the girls told of the alleged abuse.

Article 38.072 makes certain outcry statements by certain abuse victims admissible despite the hearsay rule. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (West Supp. 2016). To

be an admissible outcry statement, the victim's statement must describe the alleged offense in some discernable way that is more than words which give a general allusion that something in the area of child abuse was going on. *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990) (En Banc). In general, the proper outcry witness is the first adult to whom the complainant describes "how, when, and where" the abuse occurred. *Reyes v. State*, 274 S.W.3d 724, 727 (Tex. App.—San Antonio 2008, pet. ref'd). When the initial statement conveys nothing more than a general allusion of child abuse, the receiver of a subsequent detailed statement should be designated as the outcry witness, even though this later recipient was technically not the first adult to whom the child revealed the abuse. *See Thomas v. State*, 309 S.W.3d 576, 579 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). The trial court has broad discretion in ruling whether a witness is a proper outcry witness and that ruling will not be disturbed absent an abuse of discretion. *Garcia*, 792 S.W.2d at 92.

We conclude that the trial court did not err by concluding that the forensic interviewer was the proper outcry witness for complainant. As noted above, Grandmother testified that when she asked Sister why she was doing a particular act on the bed that Grandmother found concerning, Sister replied "that's what Daddy does to us." When Grandmother asked complainant if appellant had done anything to her, she said "He tried to do it to me, but I told him to stop." Because complainant did not disclose any specific details to Grandmother about appellant's sexual organ contacting or penetrating complaint's sexual organ—the charged offense—complainant's statements to her were nothing more than a general allusion to that something in the area of sexual abuse was occurring and not a clear description of the offense charged as required by article 38.072. *See Sims v. State*, 12 S.W.3d 499, 500 (Tex. App.—Dallas 1999, pet. ref'd). Complainant's statements to Grandmother were in stark contrast to those she gave to the forensic interviewer where complainant explained that appellant's penis touched her

–4–

vagina with her underwear on. Accordingly, the trial court did not abuse its discretion in admitting the forensic interviewer's testimony as the outcry witness. *See id*.

For the same reasons, we conclude that the trial court did not err in admitting the forensic interviewer's testimony as Sister's outcry witness. The State had given notice of its intent to use numerous extraneous offenses, including that appellant "made contact with [Sister's sexual organ] with [appellant's] hand." When Grandmother asked Sister why she was doing the action causing concern, Sister explained "That's what Daddy does to us." Sister also said appellant "does that on our belly" and pointed to her stomach. She stated, "Then he cleans himself with a rag, with a towel." Grandmother never discussed the matter further with Sister. These statements do not describe the alleged offense in a discernable manner as required to be a proper outcry statement. Instead, Sister's statements to the forensic interviewer describing that appellant had touch her "front" with his hands with additional details provided a clear description of how and where appellant inappropriately touched her. Accordingly, the trial court did not abuse its discretion in admitting the forensic interviewer's testimony as Sister's outcry witness. We resolve appellant's first and second issues against him.

In his third issue, appellant contends the trial court failed to conduct a meaningful hearing under article 38.072 before the forensic interviewer was permitted to testify as an outcry witness for Sister. He argues specifically that the trial court's brief hearing violated the mandatory requirements that the trial court conduct a hearing and make appropriate findings.

Error preservation is a systemic requirement on appeal. *See Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). Accordingly, we should not address the merits of an issue that has not been preserved for appeal. *Id*. Our review of the record compels us to conclude that appellant did not preserve any complaint about the lack of, or nature of, the hearing relating to whether the forensic interviewer was the proper outcry witness for Sister. In the first hearing

–5–

outside the jury's presence, the forensic interviewer testified that both girls told her about the nature and details of the abuse. She then recounted what complainant had told her about the abuse. Likewise, Grandmother testified outside the presence of the jury as to what the girls told her. After hearing Grandmother's testimony, the trial court stated "I believe that makes [the forensic interviewer], if she heard the details, the outcry witness."

After a break, appellant's attorney generally objected to the forensic interviewer as the outcry witness. The trial court noted the objection. Ultimately, the forensic interviewer testified before the jury as to what complainant told her. The jury then was excused for lunch and the court and counsel had a conference off the record. On the record and outside the presence of the jury, the State's attorney questioned whether the forensic interviewer had also met with Sister about the abuse that had occurred. The trial court stopped the questioning stating, "I'd rather do that later in case you're able to prove to me that she is the outcry witness." The court then recessed for lunch. Upon return from the lunch break and outside the presence of the jury, appellant's attorney objected to the outcry statements made by Sister to the forensic examiner. The trial court overruled the objection and the forensic examiner testified before the jury as to her conversation with Sister.[1] The trial court granted appellant's running objection to her testimony.

Appellant only objected to the designation of the forensic interviewer as the outcry witness for Sister. Because appellant did not complain about the nature of or adequacy of the hearing below as it related to Sister's outcry witness, he has not preserved this issue for appellate review. *See* TEX. R. APP. P. 33.1; *Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2014) (En Banc) (issue on appeal not preserved when complaint does not comport with trial objection).

---

[1] Appellant's objection in its entirety was "I would object. The Defense would object to the outcry statement made by [Sister] to [forensic interviewer] at this point."

We resolve all three of appellant's issues against him.  Accordingly, we affirm the trial court's judgment.

/David W. Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
151328F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROY GUADALUPE CARDINAS,
Appellant

No. 05-15-01328-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F13-62250-I
Opinion delivered by Justice Evans, Justices
Lang and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 21st day of February, 2017.