

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00703-CR

Bradley Scott **GIBBS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CR23-0000150
Honorable M. Patrick Maguire, Judge Presiding

Opinion by:  Adrian A. Spears II, Justice

Sitting:  Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Adrian A. Spears II, Justice

Delivered and Filed: August 20, 2025

AFFIRMED

Bradley Gibbs was convicted of continuous sexual abuse of a child. In one issue, Gibbs argues the trial court erroneously admitted hearsay and outcry testimony, because the designated outcry witness was not proper pursuant to article 38.072 of the Texas Code of Criminal Procedure. We affirm.

## BACKGROUND

This appeal arises from the trial court's designation of Victoria Hefley, lead forensic interviewer at Kids' Advocacy Place ("KAP"), as the appropriate outcry witness regarding the sexual abuse allegations made to her by the complainant, K.M. During trial, the defense counsel requested a hearing outside the presence of the jury to assess whether Hefley was the proper outcry witness. In that hearing, Hefley testified that although K.M.'s mother was the first person over the age of eighteen to whom K.M. told of the sexual abuse, Hefley was told substantially more details about the sexual abuse by K.M. The defense objected to Hefley being designated the outcry witness, arguing that because K.M.'s mother was the first person over the age of eighteen told of the sexual abuse, K.M.'s mother was the proper outcry witness. Because Hefley was the sole witness to which any material information was given, and because the evidence showed that K.M. did not make any substantial statements regarding Gibbs in the recorded conversation between her and her mother, the trial court overruled the defense's objection and determined Hefley was the appropriate outcry witness.

## STANDARD OF REVIEW

We review the trial court's decision to admit outcry witness testimony under an abuse of discretion standard. *Reyes v. State*, 274 S.W.3d 724, 729 (Tex. App.—San Antonio 2008, pet. ref'd). A trial court generally has wide latitude in determining the admissibility of such evidence. *Fowler v. State*, 544 S.W.3d 844, 848 (Tex. Crim. App. 2018). A trial court does not abuse its discretion when its determination lies within the zone of reasonable disagreement. *Kou v. State,* 536 S.W.3d 535, 540 (Tex. App.—San Antonio 2017, pet. ref'd). We do not disturb the trial court's evidentiary rulings unless a clear abuse of that discretion is established by the record. *Garcia v. State,* 792 S.W.2d 88, 92 (Tex. Crim. App. 1990).

**DISCUSSION**

In his sole issue on appeal, Gibbs contends the trial court erred by allowing Hefley to testify as an outcry witness because K.M.'s mother was the first person over the age of eighteen to whom K.M. told of the abuse. According to Gibbs, K.M.'s outcry to her mother was sufficiently detailed to be designated as the outcry witness, because during cross-examination K.M. affirmed that she told her mother "everything" that Gibbs did to her during or after the sexual abuse.

*A.        Designation of Outcry Witness*

Article 38.072 provides a hearsay exception that allows for the admissibility of certain out-of-court statements by child complainants. TEX. CODE CRIM. PROC. art. 38.072. Article 38.072 applies to statements describing the alleged offense that (1) were made by the child against whom the charged offense was allegedly committed; and (2) were made to the first person, eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. *Id.* The "first person" requirement describes "the first adult to whom the child tells [the] 'how, when, and where' of the assault." *Reyes v. State*, 274 S.W.3d 724, 727 (Tex. App.—San Antonio 2008, pet. ref'd). The statement about the offense must be "more than words which give a general allusion that something in the area of child abuse is going on." *Lopez v. State,* 343 S.W.3d 137, 140 (Tex. Crim. App. 2011) (quoting *Garcia,* 792 S.W.2d at 91). Thus, to qualify as an outcry statement under article 38.072, the statement must describe the offense in some discernible way. *Hanson v. State*, 180 S.W.3d 726, 729 (Tex. App.—Waco 2005, no pet.).

Both parties rely on the decision by the court of criminal appeals in *Garcia v. State,* 792 S.W.2d 88 (Tex. Crim. App. 1990). In *Garcia,* 792 S.W.2d at 91-92, even though the complainant first made an outcry to her teacher, the court of criminal appeals upheld the trial court's designation of a forensic interviewer as the appropriate outcry witness. In that case, when asked by the State

what she told her teacher, the child-complainant testified that she "told her what happened." *Id.* at 90. The teacher also testified that the complainant "just wanted to talk about [the abuse] practically all day," but neither the child nor the teacher provided further clarification in the record about what specifically was disclosed. *Id.* The court of the criminal appeals reasoned that the outcry did not amount to more than a general allusion of sexual abuse because the record lacked specific details describing what the child disclosed in her outcry to her teacher. *Id.* at 91-92.

The State argues that *Garcia* is factually analogous to the facts presented here. The defense recognizes *Garcia* requires specificity of testimony but contends that K.M.'s testimony about telling her mother "everything" is sufficiently detailed. In applying *Garcia*, we conclude that the trial court did not abuse its discretion in designating Hefley as the appropriate outcry witness. The record shows that Gibbs was not a suspect until after K.M. spoke with Hefley. K.M.'s initial outcry to her mother was merely the impetus for the interview with Hefley. It was only when Hefley met with K.M. that Gibbs was revealed to be one of the abusers. During her trial testimony, Hefley confirmed the same, explaining that before she met with K.M., she was aware of only one perpetrator, Michael Mitchem. She had no knowledge of Gibbs being a second perpetrator until she was told by K.M. during her interview. *See Thomas v. State*, 309 S.W.3d 576, 578-79 (Tex. App.—Houston 2010, pet. ref'd) (holding that the complainant's mother was not the proper outcry witness because the complainant's statement did not disclose the same instance of abuse that the complainant later disclosed to her stepmother, who was deemed the appropriate outcry witness).

Furthermore, the record is devoid of the necessary detail describing K.M.'s outcry to her mother regarding Gibbs. Gibbs relies on K.M.'s testimony that she told her mother "everything," but that word, in and of itself, lacks the discernible detail that case law requires of outcry statements. "Everything" on its own is insufficient for the court to determine that K.M. told her

mother the how, when, or where of the abuse. *See Reyes*, 274 S.W.3d at 727; *see also Sims v. State,* 12 S.W.3d 499, 500 (Tex. App.—Dallas 1999, pet. ref'd) (holding that even though the complainant's mother was the first person the child made any statement to, a family services counselor was the appropriate outcry witness because the record showed the complainant told the counselor how, when, and where the appellant touched her). Further, even if the testimony was detailed about what "everything" included, the record is silent regarding *when* the complainant told her mother "everything." For K.M.'s mother to be the appropriate outcry witness, K.M. would have had to tell her details *before* Hefley. *See Bradshaw v. State*, 65 S.W.3d 232, 240 (Tex. App.—Waco 2001, no pet.) (holding that even though the mother was the first person to hear from the complainant that the defendant "had touched her," because the complainant gave no details about what had happened, the aunt who was told details of the abuse after was the proper outcry witness). For these reasons, we hold the trial court acted within its discretion in finding that the mother was not the appropriate outcry witness.

## CONCLUSION

Because K.M.'s testimony that she told her mother "everything" constitutes a mere allusion to child abuse, and because the record shows that K.M.'s statements to Hefley were detailed about the sexual abuse, we conclude the trial court did not abuse its discretion in designating Hefley as the outcry witness. We thus affirm the judgment of the trial court.

Adrian A. Spears II, Justice

DO NOT PUBLISH